## John Hersh *against* Jacob Ringwalt.

In slander, it is sufficient if the substantial slanderous words are laid and proved.
If one assert a slander generally, without adding who told it to him, it is actionable; and even then, it must be such a report, as will induce a reasonable belief.
If no special damage is laid, proof of particular damages will not be received.

SLANDER. Words of homicide, and that the plaintiff was in York gaol on that account. Plea *non cul.* with liberty to give the special matters in evidence.

It appeared, that a very injurious report, without the smallest ground of suspicion, had been circulated respecting the plaintiff, *who possessed an irreproachable character. Five or six persons had spoken of it, before the defendant uttered [*509 the supposed slanderous words. The defendant afterwards mentioned the matter at a public inn, and said he heard it from two persons, whose names he mentioned. He produced one of them at the trial, who verified his assertion. There was no ill will between the parties. He appeared concerned on hearing the news, and was not desirous of spreading it.

The defendant's counsel objected, that all the words spoken by the defendant had not been laid in the declaration. They contended, that if one related particulars of another, which were slanderous in themselves, and mentioned at the time that he had it from the relation of a person, whom he named, and such person in fact did tell him so, the same might be pleaded in bar of the action, according to the authority of Davis *v.* Lewis in 7 Term Rep. 17.

The plaintiff's counsel answered, that it is not lawful to mention that he heard I. S. say such words. 12 Co. 133–4. And in Gardiner *v.* Atwater, it was held to be quite immaterial, whether F. P. did or did not tell the defendant so. Say. 265. 4 Bac. Ab. 510. So Lord Chief Justice LEE held, that proof of the defendant's having heard a story read out of a letter, that the master of a ship had been seized and he put in prison for running corn, and that he only reported the story, was no justification ; but that every person was answerable for the slander he reported of another. Bull. 10. The mischiefs to society are incalculable, if such odious habits should be sanctioned by courts of justice. A person of the best fame, whose character has been basely traduced by a hidden assassin, vainly seeks for redress for the

[Hersh *v.* Ringwalt.]

grossest injury.    He perhaps may never discover the first author of the slander.    The statute of limitations may stop him in his pursuit ; or if he is so fortunate as to reach the source of the cruel, unprovoked mischief, it may terminate in a most insignificant reptile, of the vilest character, without property, from the prosecution of whom, nothing but additional disgrace could result.

As to the words laid, it is necessary only to prove the substance of them.  Bull. 5.

By the Court.    It is sufficient, if the substantial slanderous words are laid and proved.    Otherwise the consequence necessarily would be, .that if a conversation, wherein slander was uttered, continued for an hour, the whole must be distinctly *expressed in the declaration and proved in evidence, which would be idle and superfluous.

*510]

The case of Davis *v.* Lewis is sound law, founded on the common usage of mankind, and adapted to the common concerns of life.  *Vid.* 1 Rol. Abr. 64, pl. 20.    1 Com. Dig. 202.    4 Bac. Abr. 509.    1 Rol. Rep. 69.    1 Lev. 82.    Cro. Jac. 91.    2 East 436.    If one assert a slander generally, without adding who told it to him, it is actionable.    But if he would shelter himself under the cover of report, it must be such a one as would induce reasonable belief.    If it should appear to be the mere vehicle of malice, or the party should attempt to vindicate himself under an author wholly unworthy of credit, we should deem it an aggravation of the injury, by a substitution of finesse in *fraudem legis*.    In the present instance, the defendant said he heard the report from two persons he named, but he has shewn but one of them, and therefore he is not within the true spirit of the case cited in his defence.    Yet the case is not of an aggravated kind : there was no ill blood between the parties, and he was not industrious in circulating the report.

In the course of the trial, a witness was offered to prove that a traveller refused to go to the plaintiff's inn on the ground of the report, and mentioned so at the time.    But the court rejected the testimony.    This is *res inter alios acta*, and no special damage is laid in the declaration.

The jury gave a verdict for the defendant.

. Messrs. Hopkins and Bowie, *pro quer.*

Messrs. C. Smith and Montgomery, *pro def.*