SEPTEMBER TERM. 1808.

KENNEDY *against* LOWRY.

*Pittsburg,*
*Wednesday,*
September 14th.

THIS was an action of slander, originally brought in the Common Pleas of *Crawford* county, and removed by *habeas corpus* to the Circuit Court, where it was tried before YEATES J. in *October* 1806. The declaration contained five counts; four of which charged that the defendant spoke &c. and concerning the plaintiff " *in substance* the following false, " scandalous, and defamatory words;" and one of the counts laid words which were not actionable. A verdict was found for the plaintiff, *generally*, with two hundred dollars damages.

A motion was then made in arrest of judgment upon two grounds: First, That the verdict was general, and one or more of the counts did not contain words which were actionable: Secondly, That four of the counts did not charge words, but the substance of words; whereas words should be specifically laid, though they might be proved substantially. The motion was overruled by his Honour, and judgment entered for the plaintiff; upon which the defendant appealed to this court. Upon the report of the case here by Judge YEATES, it appeared that no material evidence was given which applied par-

In an action of slander the declaration is good though it charges that the defendant spoke certain words, " *in substance* as follows," &c. On an appeal from a decision of the Circuit Court upon a motion in arrest of judgment, this Court is placed in the same situation as the judge of that court, when the motion was made, and may direct the verdict and judgment to be entered as he might have done.

1808.

KENNEDY
v.
LOWRY.

ticularly to the defective count, the fourth, but that all of it applied to the good counts.

*S. B. Foster* for the defendant. As to the first objection, the point is almost too plain for argument, that as the verdict was general, and one of the counts bad, judgment ought not to have been entered upon the verdict. There is no pretence for supporting the fourth count, unless by the *innuendo;* but as it is the proper business of an *innuendo* to explain matter sufficiently expressed before, and not to add to or extend the words, according to *The King* v. *Horn*, (*a*) the *innuendo* cannot help the declaration. If no evidence had been given upon the bad count, it might have been in the power of the Circuit Court to amend the verdict, by entering it upon the good counts; but some evidence was given, and whether it had weight with the jury or not, it is impossible to say.

The plaintiff in the next place ought to have set out certain words, notwithstanding he is permitted to prove their substance. For if he is allowed to set out the substance as well as to prove it, it will not only be a material innovation upon the practice, but the court cannot say upon the face of the declaration whether the words spoken are actionable, and it may tend to surprize by rendering the charge too indefinite for the defendant to meet it. There is no precedent of such a declaration to be found.

*Baldwin* for the plaintiff. The words " in substance" may at all events be considered as surplusage; but if not, still as the plaintiff is allowed to prove the substance of the words laid, there can be no reason against his laying the substance, because the same principle governs both cases; it is the charge by the defendant which is material, and not the very words, and for this there is a direct precedent in 1 *Rich. Prac. B. R.* 108.

As to the other objection, this court may decide as the Circuit Court ought to have done; it stands in the same situation; and the case is to be treated as if it originated here. The report of the Judge shews that no material evidence applied immediately to the bad count, and that all of it applied properly to the good counts; the verdict may therefore be amended by his

(*a*) *Cowp.* 682.

notes. *Williams* v. *Breedon* (*a*), *Harrison* v. *Harrison* (*b*), *Stafford* v. *Green* (*c*).

*A. W. Foster* in reply, conceded that if this Court could do as the Judge who tried the cause might have done, the verdict might be amended; but he contended that this Court was now setting as a court of error, and could take no notice of the evidence at the trial; that judgment below had been actually entered, and that the only question was, whether it had been properly entered upon a general verdict on such a *narr*.

The opinion of the Court was delivered by

TILGHMAN C. J. This is an appeal from the Circuit Court of *Crawford* county. It is an action of slander which was tried in *October* 1806. A verdict was found for the plaintiff, and entire damages assessed. The defendant moved in arrest of judgment, the motion was overruled by Judge *Yeates*, and from his decision the defendant appealed to this Court.

The reasons urged in support of the appeal are two. 1. That the declaration contains five counts, in four of which it is alleged that the defendant spoke *in substance* the words following viz.——and then the words are inserted. It is contended that the declaration is bad, because those counts do not set forth the very words which the defendant spoke, without which the court cannot judge whether they are actionable. It was formerly held, that unless the plaintiff proved the identical words laid in the declaration, he failed in supporting his action; but this strictness has long been relaxed; and it is now sufficient, as is conceded by the defendant's counsel, if the plaintiff proves that the defendant spoke words *substantially* the same as those laid in the declaration. (*d*) This being the

(*a*) 1 *Bos. & Pul.* 329.     (*c*) 1 *Johnson* 505.
(*b*) *Cro. Jac.* 185.

(*d*) Upon a question connected with this doctrine, the reporter has been favoured by Judge RUSH with his opinion, adopted by the Court of Common Pleas, in the following case decided in *February* 1808.

TRACY
*v.*
HARKINS
} *Tracy* the plaintiff obtained a verdict in slander for forty five dollars. Upon the trial a point was reserved for the opinion of the court, whether words laid in the second person, " you are a thief," are supported by evidence that they were spoken

1808.

Kennedy
v.
Lowry.

case, we see no reason why it is not sufficient to allege that the defendant spoke certain words *in substance* as follows &c. If he does not prove words of the same substance, he fails; if he does prove them, the *allegata* and *probata* agree; and as to the Court's judging whether the words are actionable, it is easy for them to determine whether the *substance laid* in the decla-

in the third person, " he is a thief;" and that point was accordingly argued upon a rule to shew cause why there should not be a new trial.

Rush President. In actions of slander, the general rule is, that it is sufficient if the plaintiff proves the *substance* of the words, as laid in his declaration. As an illustration of this rule, it is expressly stated by *Buller*, in his *Law* of *Nisi Prius* published in 1772, that words laid in the *second* person, are substantially proved by evidence they were spoken in the *third* person. This was clearly the law of the land, and universally admitted to be so, till the year 1773, when Lord *Mansfield* unfortunately adopted a different opinion in the case of *Averillo* v. *Rogers*, the report of which I have not been able to find in my researches. He is said to have decided, that words laid in the *third* person are not supported by proof they were spoken in the *second* person, there being a difference, says his Lordship, between words in a passion to a man's face, and spoken deliberately behind his back, the *first* being more excusable. *Esp.* 521. Doubtless there is a difference between words spoken in a passion, and deliberately; but surely it does not follow, that because words of slander are spoken to a man's face, they were spoken in a passion; and even if it were the case, it could be considered in no other light, than a circumstance to extenuate damages, and can have no tendency to prove they are not *substantially* the same with words spoken deliberately. The uttering words in a passion, or deliberately, is matter of evidence to be left to the jury. Whether words are *substantially* proved as laid, and whether they are *more* or *less* excusable, are *distinct* things; the former being matter of law, the latter a proper subject of inquiry for the jury.

The old law which declared the words are substantially proved, if spoken in *one* person and proved in *another*, appears to be founded in reason and good sense. The substantial ground of the action is *charging* the plaintiff with being a thief; and whether the charge be conveyed in the *second* or *third* person, the crime is equally imputed. Whether the imputation of theft is openly made to a man's face, or at a few yards distance, and out of his hearing, the accusation is the same, and the slander the same; and the damages should depend, not on the words being spoken to the face of a man, which may be in a passion or otherwise, but on the malice and deliberation with which they are delivered, and ne requency of their repetition.

In our opinion the law has been long settled in *Pennsylvania*, agreeably to the old edition of *Buller;* and we are happy on this occasion, that we are not obliged to entangle justice in netts of law, or to sacrifice the dictates of common sense upon the altar of high authority. Let the rule be discharged.

Vide *Rex* v. *Berry*, 4 *D.* & *E.* 217.

ration is actionable; if it is, the declaration will in that respect be good. It was objected by the defendant's counsel that no precedent to support such a mode of declaring could be produced. But one precedent has been produced from 1 *Rich. Pract. B. R.* 108. where the *purport* of words was laid, which is in effect the *substance* of the words; and we make no doubt but that other precedents may be found to the same purpose.

The *second* reason of the appeal is that the fourth count is bad, the words contained in it not being actionable; and the jury having assessed entire damages, judgment could not properly be entered upon it.

There is no doubt of its being a settled principle that judgment cannot be entered upon a verdict assessing entire damages in slander, where one of the counts is bad. But it is equally certain, that this principle has often produced an arrest of judgment contrary to the merits of the case. Accordingly, for some time past, the courts have done all in their power to get rid of it, so far as is necessary to do justice to the parties. The reason of the rule is, that as the jury have blended in their damages the words that are actionable with those that are not actionable, it is impossible for the court to separate them, so as to make the defendant answerable only for the actionable words. But in cases where no material evidence has been given, except what went in support of the actionable words, it is to be presumed that the jury, in forming their verdict, paid no regard to any words but those which were actionable. In such cases the court, to support the intent of the jury, will direct the verdict to be entered for the plaintiff on those counts only which are good.

It appears from the report of the Judge who tried the cause that this was a case of the nature last mentioned. There is no doubt therefore that he might on application to him have directed the verdict to be entered on those counts to which there is no objection, if the plaintiff's counsel had thought of asking it; but in the hurry of business this was overlooked. But can this court do it? The defendant's counsel contend that we cannot, because we are sitting as a Court of Error, and can take no notice of the evidence. This would certainly be the case were we acting on a writ of error from a Court of Common Pleas. But this cause does not come before us on a writ of error, but on an appeal of a special nature. By the act of 20th *March* 1799, 4 *St. Laws* 562. the Courts of *Nisi Prius* were abolished

1808.

KENNEDY
v.
LOWRY.

in all the counties of the state, except the county of *Philadelphia*, and instead of them were established Circuit Courts to be held by one or more Judges of the Supreme Court. The object of this change was to make the administration of justice as convenient as possible, by bringing not only the trial, but all the proceedings (the judgment included) to every man's home. It was also an object, in case of dissatisfaction with the opinion of the judge before whom the cause was tried, to obtain the decision of the Supreme Court, with the same ease and dispatch with which it had been before obtained after trials at *Nisi Prius*; and further, it was thought desirable (as business in the Circuit Courts must generally be dispatched in a hurry) to give an appeal from decisions on *motions* for new trials, and other *motions*, upon which no writ of error would lie. The words of the act are as follows: " If either of the parties is dissatisfied with the " judgment or decision of the said Circuit Court on any de- " murrer, case stated, special verdict, point reserved for the " consideration of the court on the trial, *motion in arrest of* " *judgment or for a new trial*, or to set aside a judgment, dis- " continuance, or nonpros, that then and in such case the party " so dissatisfied may appeal &c." The practice under this law has been such as to render the proceedings on the appeal as little expensive and as expeditious as possible. On an appeal in case of a motion for a new trial, the Judge who tried the cause, reports the evidence from his notes, just as if the trial had been at *Nisi Prius*. Now upon the true construction of this law, we conceive that this court is placed in the same situation on an appeal from a Judge's decision on a motion in arrest of judgment, as the Judge himself stood when the motion was made before him; of consequence we have a right to examine the evidence, and to take any steps for supporting the verdict which he might have taken. We have heard his report of the evidence, from which we think ourselves justified in directing that the Circuit Court shall cause the verdict to be entered on all the counts but the fourth for the plaintiff, and on the fourth count for the defendant; and that then judgment be entered for the plaintiff on that verdict.