*428 The opinion of the court was delivered by
Gibson, J.
No particular words are laid in the fifth count, but the cause of action is stated generally, that the defendant charged the plaintiff with the crime of forgery. In support of this form of declaration, no adjudged cases are to be found in the English books, but the two which have been cited, and these, together with a few precedents, in books of practice, are the whole foundation of the doctrine in this country. In Nye v. Otis, Justice Parker, in delivering the judgment of the Supreme Court of Massachussetts rests upon the obiter dictum of Lord Hardwicke, in Nelson v. Dixie, without seeming to be at all aware that the latter was mistaken in supposing there was a precedent in Eastall, for the form of declaration which he asserted to be proper. Now it is this dictum which is the root of all the misconception on the subject; for the short and imperfect note of the case in Ventris, has not I believe, been considered as an authority any where. In Ward v. Clark, the precedents in Morgan, and in Richardson's Practice, in the King’s Bench, are treated with bare respect by the Supreme Court of New York; and the point is ruled against the weight of their authority. In opposition to these cases and precedents, resting, as they do, on questionable grounds, is found a series of decisions which I think incontestably establish a principle applicable as well to declarations as to indictments, that words, whether written or spoken, which become the subject of legal animadversion, must be particularly specified. Hence it is bad, to set forth, that the defendant spoke, quædam scandalosa verba, tenor quorum sequitur in heœc verba, vel consimilia. Hale v. Cranfield, Cro. Eliz. 645; or ad tenorem et effectum sequentem. Newton v. Stubbs. 3 Mod. 72: or even quædem falsa et scandalosa verba quorum tenor sequitur in heœc verba. Garford v. Clark, Cro. Eliz. 857. But what is still stronger and indeed conclusive, is the rule in relation to words uttered in a foreign language; which it is well settled, must beset out in the language in which they were spoken, together with an averment that they were understood by the by-standers. Now, whatever doubt may have been entertained, whether a translation of them should notalso be given in the declaration, there has been no doubt at all, that the original words must be laid as they were spoken. But this would be useless, if it were sufficient, in general terms, to state the charge which they import: for the declaration, would be supported by evidence of a charge made by words, in any language, which was understood at the time. But a charge may be made entirely by gestures: and no one will pretend, that such a charge could be made the subject of an action of slander. There are other reasons for requiring the words to be specially laid, as if enables the court, from a, consideration of the words themselves, and not what those who have heard them may suppose to be their import, the better to judge whether they are actionable, and besides, it enables the de *429 fendant, with greater ease and certainty, to plead a recovery in the action, to any subsequent suit for the same cause. In Kennedy v. Lowry, the particular words were laid, as having actually been uttered by the defendant, and the words “ in substance,” by which this positive averment was supposed to be qualified, might well be rejected as surplusage; and in this respect they are unlike the words (lvel consimilia,” which cannot be rejected; for by presenting an averment in the alternative, they render all void for uncertainty. The rule then is, that a particular set of words must be laid; but it will be sufficient at the trial, if the charge which they import, be substantially contained in the words which are proved to have actually been spoken. It has not, nor could it be pretended, that this defect is cured, by the verdict; for words, being the gist of every action of slander, to set forth no words, is to set forth no title. I am therefore of opinion, the judgment was properly arrested.
Judgment affirmed.