## Cooper *against* Bruce.

In an action of slander, the substance of the words spoken must be laid in the declaration ; it is not sufficient that the offence intended to be charged should be set out.

ERROR to *Beaver* county.

Slander, by Jacob Bruce against John Cooper. In the plaintiff's declaration the words set out were, " Jacob Bruce" (the plaintiff meaning) " was guilty of buggary with a mare." The proof of the words spoken by the defendant of the plaintiff was, that " he had acted with a mare"—" he had been guilty with a mare"—and that " he could prove that Bruce was guilty of acting with a mare." The defendant's counsel asked the court to charge the jury, that this proof did not support the plaintiff's declaration ; but the court was of different opinion, and the plaintiff got a verdict.

*Watts* and *Forward,* for plaintiff in error, cited, Kennedy *v.* Loury, 1 *Binn.* 393, 12 *Serg. & Rawle* 427 ; Johnston *v.* Tait, 6 *Binn.* 121 ; M'Connel *v.* M'Coy, 7 *Serg. & Rawle* 223.

*Burke* and *Wilkins,* contra, cited, *Bul. N. P.* 5 ; Miller *v.* Miller, 8 *Johns. Rep.* 74; Walton *v.* Singleton, 7 *Serg. & Rawle.*

PER CURIAM.—There has been no want of inclination on our part to sustain the action in its present shape ; and it seemed at first to be sustained on the rule laid down in the conclusion of the opinion delivered in Gundt *v.* Gundt. But the substance of the words proved is too generally laid ; and not so much the substance as the effect of it. It would have been easy to set out the very words, or at least the particular substance of them, as proved by any one of the witnesses; and to have shown by a *colloquium* and proper averments, that they

[Cooper v. Bruce.]

imputed the offence which the plaintiff has thought proper to indicate in sweeping terms. Why should he be relieved from the task of doing so? Not one of the words laid was proved to have been uttered, but the names of the plaintiff and the animal ; and the court ought not to have instructed the jury that the proof supported the declaration.

Judgment reversed, and a *venire de novo* awarded.