## LONG v. FLEMING.

### June 10, 1837.

#### *Motion for a new trial.*

In an action of slander, the first count of the declaration charged the defendant with having said, " She, the plaintiff, was pregnant, and in my opinion very lusty." Second count, the words laid were, " E. L. is pregnant, and gone with child seven months."   Proof from a witness, that in a conversation defendant said, " Have you heard or do you know any thing in respect to Miss L. being pregnant by Doctor P. ?" to which witness said, " Can it be so ?" and defendant replied, " There is too much reason to believe it is so,"

*Held :* 1. That the words proved did not support the words alleged in the declaration.

2. Proof of the substance of the words laid is sufficient, but the *sense* and *manner* of speaking must be the same.

3. Proof of words spoken in a conversation in an interrogative form, in general, does not support an allegation of words spoken asserting positively an offence by the defendant.

THIS was an action of slander.   The verdict was for the plaintiff.   There were several counts in the declarations.   The

[Long v. Fleming.]

judge who tried the cause held the words in all the counts, except the third and fourth, not to be actionable. The *allegata* and *probata* are stated in the opinion of the court. The defendant moved for a new trial, and assigned a number of reasons, the following of which are only material to be noticed, viz:

1. The evidence does not support the declaration, nor any part thereof.

2. The court charged the jury, that words spoken interrogatively would, in point of law, support the third or fourth counts of the declaration.

*McLaughlin*, for the rule.
*D. P. Brown*, contra.

Cited on the argument: 2 *Watts R.* 109; 3 *Watts R.* 90; 3 *Penn. R.* 102; 1 *Miles R.* 20; 8 *T. R.* 150; 2 *Whart. Rep.* 329; 1 *Binney R.* 393; 12 *S. & R.* 429; 6 *Binn. R.* 121; 7 *S. & R.* 226.

The opinion of the court was delivered by

STROUD, J.—The words laid in *two* counts of the declaration are clearly actionable. In the *one*, the defendant is charged to have said, "She, the plaintiff, was pregnant, and in my opinion very lusty." In the *other*, the statement is, "Elizabeth Long is pregnant and gone with child seven months."

A witness proved that himself and another being in conversation with the defendant, the latter said, "Have you heard or do you know that Miss Long is pregnant by Dr. P." We exclaimed, "Can it be so?" He replied, "There is too much reason to believe it so." And on *cross-examination*, the witness gave as the language used by the defendant, "Do you know any thing or have you heard any thing in respect to Miss Long being pregnant by Dr. P." To an expression of surprise, he immediately replied, "There is too much reason to believe it to be so or true."

Although the language ascribed to the defendant by the witness, in the different stages of his examination is not the same, yet the charge implied by the whole conversation to have been made against the plaintiff does not differ, whichever version of the witness be adopted. It amounts to this, "There is too much reason to believe that Miss Long is pregnant by Dr. P."

The question was raised on the trial, whether this proof supported either of the counts, and the jury were instructed that if they found either set of words as stated by the witness, to have been uttered by the defendant, their verdict should be for the plaintiff.

It was ruled in Kennedy v. Lowry, 1 *Binney* 393, that a declaration charging certain defamatory words to have been spoken *in substance* by the defendant of the plaintiff, was good. This was, undoubtedly, contrary to the law of *Westminster Hall* at that time and now, and as it is held in our sister states, with the exception, perhaps, of *Virginia*. Subsequent decisions to Kennedy v. Lowry, however, have so far limited or explained the principle supposed to have been there asserted, that at the present moment, the law may be considered as brought back *very near* to the point from which it unhappily started. Thus it was said in Yundt v. Yundt, 12 *S. & R.* 429, that a *particular set of words* must be laid to have been uttered, and in Cooper v. Bruce, 2 *Watts* 109, it was held, not to be sufficient to lay *as the substance* of the words spoken, the *offence* intended to be charged by the speaker; and in a more recent case, *Judge Sergeant*, in giving the opinion of the court, having made a direct reference to Kennedy v. Lowry, and stated the meaning of that decision to be, " that the plaintiff need not set out every identical word spoken by the defendant, but might give the purport of what was said by him," added, " *but it is not permitted to drop altogether both the language and ideas uttered, and sum up all in one round charge*." Tipton v. Kahle, 3 *Watts* 93.

An illustration put in Tipton v. Kahle, exhibits very forcibly the bearing of the doctrine affirmed in that case upon the case at bar. " It could not be allowed," it is there said, " to the plaintiff to support an averment that defendant had said he is guilty of perjury by words altogether different, *even if they imported that charge*."

This is accurately descriptive of the counts in the present declaration as compared with the evidence.

It was specially urged on the argument of this rule, that the evidence showed the language of the defendant which is complained of, to have been spoken in an *interrogative form*, and in this respect, it did not correspond with the declaration. Barnes v. Holloway, 8 *D. & E.* 150, is an authority in point to uphold this objection; and in McConnell v. McCoy, 7 *S. & R.* 226, in which

[Long v. Fleming.]

it was decided, (overruling Tracy *v.* Harkins, determined by Judge Rush, and reported in a note to Kennedy *v.* Lowry, 1 *Binney* 393,) that words laid as spoken in the *third* person were not sustained by the proof of a speaking in the *second* person, *Judge Duncan* adopts the very language of the Supreme Court of New York, in Miller *v.* Miller, 8 *Johns.* 74, that " the law is now well settled that the plaintiff is not obliged to prove the words *precisely* as laid : it is sufficient to prove their substance ; but the sense and *manner of speaking* must be the same."

And the reason for such an exaction is to my mind quite as strong as that upon which Johnson *v.* Tait, 6 *Binney* 121, rests, in which it was taken to be clear law, that a charge in the declaration that there was a collusion between *three* persons, naming them, to make another swear falsely, was not supported by proof that the collusion was between only *two* of the same persons, though to effect the very purpose laid. And looking to the true ground of the rule which requires, generally, an agreement between the *allegata* and *probata ;* to its special importance in regard to actions for *oral* defamation ; in which, frequently, the proper meaning of the speaker can be gathered only from his precise language and the very collocation of this as made by him, and looking also to the difficulty in the way of a *justification* by the defendant, of which Hersh *v.* Ringwalt, 3 *Yeates* 508, furnishes an example, the objection of the defendant occupies strong ground. Indeed, it may be well questioned, whether, with the exception of the justly exploded doctrine of *mitiori sensu*, the law of the action of slander, has at any time been too rigorous in its requirements on the part of the plaintiff.

We had hoped from the smallness of the damages given and the character of the evidence generally on the trial, that the defendant would not have pressed this rule to a decision ; but as this has been done, it must be made *absolute*.

It has been intimated that the granting of a new trial would be followed by an application by the plaintiff, for leave to amend his declaration, in order to meet the evidence of the case. Whether or not such an amendment be allowable, is a point upon which we offer no opinion. Should the plaintiff's counsel deem it advisable to bring this subject again before the court, the case of Ayre *v.* Craven, 29 *E. C. L. R.* 11, will supply them with a convenient precedent *as to the manner* of framing their counts.

Rule absolute and new trial ordered.