## DESMOND v. BROWN.

**Slander:** EVIDENCE. To sustain an action for slander, the slanderous words need not be proved in form as charged in the petition, but it is sufficient to prove them substantially as therein set out.

*Appeal from General Term, Ninth District (Dubuque County).*

FRIDAY, JUNE 10.

ACTION for slander; verdict and judgment for defendant. The general term affirmed the judgment of the district court; plaintiff appeals to this court.

*H. T. McNulty,* for the appellant.

*Roberts, Fouke & Burt,* and *T. S. Wilson* for the appellee.

BECK, J.—The district court gave the following, among other instructions, to the jury, viz: " The burden of the issue is on the plaintiff, and you must be satisfied from the preponderance of the proof that the defendant spoke the words as charged in the petition; and any substantial variance will be fatal to plaintiff's right to recover. And it is not sufficient to prove the words substantially in a different form or in equivalent words, but they must be proven in substance, in form as charged.

This instruction is erroneous, and directly in conflict

with the rule as recognized by this court. In *McClintock* v. *Crick*, 4 Iowa, 453, it is explicitly laid down, that it is not necessary to prove the precise words as averred in the petition, but it is sufficient to prove them substantially as therein set out. This rule is doubtless in accord with the current of authorities. In addition to the authorities cited in support of the rule in *McClintock* v. *Crick*, the following are to the same effect: *Kennedy* v. *Lowry*, 1 Binn. 393; *Miller* v. *Miller*, 8 Johns. 74; *Grubbs* v. *Kyzer*, 2 McCord, 304.

In reply to this objection, based upon the foregoing instruction, defendant's counsel argue, that, as there was but one witness to the speaking of the words, the plaintiff himself, the jury could not have been misled by the instruction. We do not see how this follows as a conclusion. But, in fact, it appears from the record that the words were not proved in form as charged in the petition, so that the jury, under the instruction given by the district court, could not have found for the plaintiff; while, according to the rule recognized by this court, as stated above, there was no such variance between the petition and proof as would preclude the jury from finding a verdict for plaintiff. It is, therefore, evident that the plaintiff was prejudiced by the instruction.

Several other grounds of error are assigned and urged in argument by appellant's counsel. It is needless to consider them, as the judgment, for the error above pointed out, must be

Reversed.