Commonwealth of Pennsylvania, Department of Justice et al., Plaintiffs *v.* James W. Knox, Executive Director, Allegheny County Housing Authority and Allegheny County Housing Authority, Defendants.

Argued February 4, 1977, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*Edward A. Miller,* Deputy Attorney General, with him *J. Justin Blewitt, Jr.,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for plaintiff.

*Dennis J. Mulvihill,* General Counsel, with him *Harry M. Montgomery, Jr.,* Assistant General Counsel, for defendant.

OPINION BY JUDGE MENCER, March 17, 1977:

The Commonwealth of Pennsylvania filed in this Court an original action in assumpsit against Allegheny County Housing Authority (ACHA) seeking to collect amounts assessed against ACHA pursuant to Article X of the Unemployment Compensation Law[1] (Law). The Commonwealth essentially sought reimbursement for payments it made to the Unemployment Compensation Fund (Fund) because of unemployment compensation benefits the Fund paid to former employees of ACHA.[2]

---

[1] Article X was added to the Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* by the Act of September 27, 1971, P.L. 460, §20, 43 P.S. §§891-893.

[2] *See* Section 1003 of the Law, 43 P.S. §893, which provides:

(a) In lieu of contributions required to be paid by employers under this act, the Commonwealth of Pennsylvania shall pay into the Unemployment Compensation Fund an amount equivalent to the amount of compensation paid to claimants and charged to its account in accordance with the provisions of section 302(a) of this act [43 P.S. §782(a)].

ACHA raised two preliminary objections to the Commonwealth's complaint: one in the nature of a demurrer and one alleging failure to join a necessary party.. The Commonwealth filed preliminary objections to ACHA's preliminary objections, requesting that' certain factual allegations made by ACHA be stricken as not in conformity with Pa. R.C.P. No. 1017(b)(2) and (4). The preliminary objections of both parties are presently before us, and we must treat as true all well and clearly pleaded facts of the party whose pleading is attacked. *See Coshey v. Beal,* 27 Pa. Commonwealth Ct. 440, 366 A.2d 1295 (1976).

In furtherance of its objection that the Commonwealth has failed to plead a legally sufficient claim, ACHA contends that, as a housing authority created pursuant to the Housing Authorities Law,[3] it is without the unemployment compensation system and therefore not liable for assessments. ACHA also contends that even if it is liable it has no funds to satisfy the assessments unless such funds are made available by the United States Department of Housing and Urban Development (HUD). Moreover, this Court has been requested to take judicial notice of the facts necessary to support ACHA's position concerning its financial dependence on HUD. We will treat these contentions in reverse order.

---

(b) The amount which the Commonwealth shall pay into the Unemployment Compensation Fund, as hereinabove set forth, shall be computed by the department and reported quarterly to the State Treasurer who shall thereupon pay such amount from the General Fund of the Commonwealth, upon approval thereof in accordance with the law then in effect, except that to the extent that compensation is paid on the basis of wages paid by an authority of the Commonwealth from its funds such authority shall pay such amount into the Unemployment Compensation Fund from its own funds.

[3] Act of May 28, 1937, P.L. 955, *as amended,* 35 P.S. §§1541-1568.

Even were we to consider the factual averments improperly made by ACHA in its preliminary objections and take judicial notice of certain facts as requested by ACHA in its brief, which we will not do here,[4] we would still be compelled to overrule its demurrer to the extent ACHA contends inability to satisfy the assessments. Clearly, such inability does not call in issue its legal liability for such assessments. Thus we will overrule ACHA's demurrer insofar as it does not challenge the legal sufficiency of the Commonwealth's complaint.

Unlike its contention concerning its inability to satisfy the assessments, ACHA's contention that it has no liability under Article X of the Law raises a question of law: whether ACHA is an agency or authority of the Commonwealth and therefore subject to Article X.[5] Before this Court, ACHA has conced-

---

[4] It is well settled that a demurrer cannot supply a fact missing in the complaint. 2 Goodrich-Amram 2d §1017(b) :11 (1976). Thus a "speaking demurrer," which relies for its support on facts not of record, should, where objected to, be dismissed. *Brennan v. Smith*, 6 Pa. Commonwealth Ct. 342, 299 A.2d 683 (1972). Nor may a defendant ordinarily supply such facts under the principle of judicial notice. *See* Goodrich-Amram 2d §1017(b) :11, at 82 n. 48 (1976). When taken, judicial notice usually obviates the necessity for proof of *facts* at *trial*. The principle must necessarily have a restricted application to demurrers which admit for a limited purpose all relevant, well-pleaded facts and seek to test the *legal* sufficiency of a pleading.

[5] Section 1001, 43 P.S. §891, defines the application of Article X:

[T]he Commonwealth of Pennsylvania and all its departments, bureaus, boards, agencies, commissions and authorities shall be deemed to be an employer and services performed in the employ of the Commonwealth and all its departments, bureaus, boards, agencies, commissions and authorities shall be deemed to constitute State employment subject to this act with the exceptions hereinafter set forth in section 1002. Except as herein provided, all other provisions of this act shall continue to be applicable in connection herewith.

ed, as it must, that it is an agency of the Commonwealth[6] and therefore that it is required to make reimbursement payments for monies expended by the Commonwealth to ACHA's former employees. Therefore, we overrule ACHA's demurrer.

ACHA also objects that the Commonwealth, by failing to join HUD, has failed to join a necessary party. ACHA's position is two fold: that HUD must make the funds available before ACHA can satisfy its liability to the Commonwealth and that the Commonwealth must first reach a reciprocal agreement with HUD before it may proceed against ACHA.[7]

We do not agree that HUD is a necessary party. Surely, relief in the form of a judgment against ACHA could be granted without HUD's presence. Moreover, even assuming a reciprocal agreement is appropriate under the pertinent section of the Law, such agreement is not required.[8] Therefore, we must dismiss ACHA's objection that the Commonwealth has failed to join a necessary party.

Finally, we consider the Commonwealth's motion to strike the factual averments made by ACHA in its preliminary objections. We decline to strike the averments in light of our decision to merely disregard the facts averred and in lieu of an indication that our refusal to strike will prejudice the Commonwealth.

Accordingly, we enter our

---

[6] *See* Section 10 of the Housing Authorities Law, 35 P.S. §1550.

[7] Section 312 of the Law, *added by* the Act of April 23, 1942, Ex. Sess., P.L. 60, §4, 43 P.S. §792, provides various situations in which the Commonwealth is authorized to enter into reciprocal agreements. These situations generally involve persons covered by unemployment compensation programs other than the Pennsylvania system.

[8] Section 312 of the Law merely authorizes such agreements to be made.

## ORDER

AND Now, this 17th day of March, 1977, the preliminary objections of the Allegheny County Housing Authority to the complaint of the Commonwealth of Pennsylvania are overruled, the Commonwealth of Pennsylvania's preliminary objections thereto are overruled, and the Allegheny County Housing Authority is afforded twenty (20) days from receipt of a copy of this order to file an answer.