## Unemployment Compensation

KANE, Attorney General, MILLER, Deputy Attorney General, and YAKOWICZ, Solicitor General, January 12, 1978 — You have requested our opinion on whether State agencies and certain nonprofit organizations which make payments to

the Unemployment Compensation Fund on a reimbursement basis can be relieved from charges for benefits paid former employes who left work without good cause or who were dismissed for willful misconduct. It is our opinion that relief from charges can be granted in certain cases, as explained hereafter.

## I. STATE AGENCIES

The manner in which State agencies are to be charged for unemployment compensation benefits is governed by article X of the Unemployment Compensation Law of December 5, 1936, Sec. Ex. Sess., P.L. (1937) 2897, added September 27, 1971, P.L. 481, 43 P.S. §§891-893. Article X applies to the Commonwealth of Pennsylvania and all its departments, bureaus, boards, agencies, commissions and authorities: 43 P.S. §891. In Official Attorney General's Opinion No. 43 of 1973, 3 Pa. B. 1291, we concluded that article X applies to redevelopment authorities, created pursuant to the Urban Redevelopment Law of May 24, 1945, P.L. 991, as amended, 35 P.S. §1701 et seq. Article X also applies to housing authorities, created pursuant to the Housing Authorities Law of May 28, 1937, P.L. 955, as amended, 35 P.S. §1541, et seq.: Commonwealth, Department of Justice v. Knox, 29 Pa. Commonwealth Ct. 302, 370 A.2d 1238 (1977).

The procedure for charging State employers for benefits paid former employes is set forth in section 1003(a), which provides as follows:

"In lieu of contributions required to be paid by employers under this act, the Commonwealth of Pennsylvania shall pay into the Unemployment Compensation Fund an amount equivalent to the

amount of compensation paid to claimants and charged to its account in accordance with the provisions of section 302(a) of this act." 43 P.S. § 893(a).

Section 302(a) provides, in part:

"Subsequent to June thirtieth, one thousand nine hundred forty-nine, such account shall be charged with all compensation, paid to each individual who received from such employer wage credits constituting the base of such compensation, in the proportion that such wage credits with such employer bears to the total wage credits received by such individual from all employers: Provided, That if the department finds that such individual was separated from his most recent work for such employer due to being discharged for willful misconduct connected with such work, or due to his leaving such work without good cause attributable to his employment, *thereafter no compensation paid to such individual with respect to any week of unemployment occurring subsequent to such separation, which is based upon wages paid by such employer with respect to employment prior to such separation, shall be charged to such employer's account under the provisions of this subsection (a);* provided, such employer has filed a notice with the department in accordance with its rules and regulations and within the time limits prescribed therein; . . .": 43 P.S. §782(a). (Emphasis supplied.)

It is a fundamental rule of statutory construction that "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." Statutory Construction Act, 1 Pa. C.S.A. §1921(b). Section 1003 clearly provides that a

State employer is to reimburse the Unemployment Compensation Fund by an amount equivalent to the amount charged to its account in accordance with section 302(a). Section 302(a) makes it evident that the State employer is not to be charged for any benefits paid a claimant who left work without good cause or was fired for willful misconduct. This relief from charges applies even when such claimants reestablish eligibility for benefits pursuant to section 401(f)(1), 43 P.S. §801(f)(1).

Our conclusion that State employers are entitled to the relief from charges provided by section 302(a) is supported by section 1001 of the act, which provides in part: "Except as herein provided, all other provisions of this act shall continue to be applicable in connection herewith." Thus, in those cases where contributing employers are entitled to relief from charges, State employers are also entitled to relief.

## II. NONPROFIT ORGANIZATIONS

The obligation of nonprofit organizations to pay unemployment compensation charges is governed by article XI of the Unemployment Compensation Law, 43 P.S. §§901-910. Article XI was added by the Act of September 27, 1971, P.L. 482, in order to bring Pennsylvania's law into conformity with requirements of the 1970 amendments to the Federal Unemployment Tax Act of August 10, 1970, P.L. 91-373, 26 U.S.C.A. §3306, 84 Stat. 696.

Section 1103, 43 P.S. §903, makes nonprofit organizations liable for contributions pursuant to sections 301 and 301.1, 43 P.S. §§781 and 781.1, but allows them the option of paying instead on a reimbursement basis. The nonprofit organization's obligation to make reimbursement pay-

ments, should it elect that method, is set forth in section 1104(a);

"Any nonprofit organization which, on or after January 1, 1972, is or becomes liable to the contribution provisions of this act may, in lieu of payment of such contributions, elect to pay to the department for the Unemployment Compensation Fund an amount equal to the amount of regular benefits and of one-half of the extended benefits paid, that is attributable to service in the employ of such nonprofit organization, to individuals for weeks of unemployment which begin during the effective period of such election." 43 P.S. §904(a).

The method by which payments are to be made is set forth in section 1106, which provides in subparagraph (a) that:

"Payments in lieu of contributions shall be made in accordance with the following provisions of this section.

"(a) At the end of each calendar quarter or the end of any other period as determined by the department, the department shall bill each nonprofit organization (or group of such organizations) which has elected to make payments in lieu of contributions for the amount of benefits charged to its account during such quarter or other prescribed period that is attributable to service in the employ of such organization." 43 P.S. §906(a).

In our opinion, these provisions mean that a nonprofit organization electing the reimbursement method is only liable to pay an amount equal to the amount of benefits paid to eligible claimants. If the nonprofit organization successfully challenges a claimant's eligibility, through the administrative or judicial appeals allowed under the law, it is not liable for any benefits paid to that ineligible claimant during the pendency of the appeal. This con-

clusion is supported by section 1106(b) of the law, which provides:

"Payment of any bill rendered under subsection (a) shall be made not later than thirty days after such bill was mailed to the last known address of the nonprofit organization or was otherwise delivered to it, unless there has been an application for review and redetermination under section 301 of this act.": 43 P.S. §906(b).

One of the considerations in a review and redetermination under section 301(e) (1) is whether the employer has successfully contested a claimant's eligibility for benefits. Since contributing employers successful in such challenges are exempt from charges for benefits paid during the pendency of the appeal, we conclude the General Assembly, by its reference in section 1106(b) to section 301, intended reimbursable employers to be exempt also. See Statutory Construction Act, 1 Pa.C.S. §1921(c)(8).

The same conclusion was reached in Wilmington Medical Center v. Unemployment Insurance Appeal Board, 346 A.2d 181 (Del.Super., 1975, affirmed 373 A.2d 204 (Del.Super., 1977). The provisions of Delaware's Unemployment Compensation Law allowing the reimbursement method of payment (19 De.C. §3345(c)(3)) are in all material respects the same as those in article XI of Pennsylvania's law. Noting that the phrase "attributable to service" had been enacted as a result of Federal requirements, the Superior Court of Delaware concluded:

"It appears that the intent of Congress in enacting the reimbursement method of financing was to enable nonprofit organizations to escape the burden of contributing greater amounts to the Unemployment Compensation Fund *than the costs*

*which were incurred directly by actions of the nonprofit organizations in a given year.* This was seen by the Senate as desirable public policy in light of the charitable nature of such organizations." 346 A.2d at 183. (Emphasis supplied.)

The court concluded that the nonprofit organizations could not be charged for benefits to ineligible claimants.

Since benefits paid to ineligible claimants cannot be charged to a nonprofit organization electing the reimbursement method, such benefits must be charged to the account funded by the state adjustment factor: section 301.1, 43 P.S. §781.1. This account was specifically created by the General Assembly to provide funds for nonchargeable benefits.

However, a nonprofit organization electing the reimbursement method is not entitled to relief from charges under section 302(a) in the special case of a claimant who reestablishes eligibility for benefits pursuant to section 401(f), where such benefits are based in part on wage credits earned with the nonprofit organization. The General Assembly expressly set forth in section 1108, 43 P.S. §908, the nonprofit organizations's obligation to make reimbursements in such cases. The Unemployment Compensation Law as a taxing statute must be strictly construed against the taxing authority. However, where the taxpayer seeks to bring itself within an exception from the tax, the requirement of strict construction shifts against the taxpayer: Statutory Construction Act, 1 Pa.C.S. §1928(b)(5); Bureau of Employment Security v. Hecker & Co., 78 Dauph. 354 (1962). The nonprofit organization's obligation under section 1108 is clear; there are no provisions in article XI indicating the General Assembly intended to relieve an organiza-

tion of that obligation. Since section 1108 is specific and is the more recent enactment, its provisions must prevail over the general provisions of section 302(a): Statutory Construction Act, 1 Pa.C.S. §1933.

## III. CONCLUSION

For the above-stated reasons, we are of the opinion, and you are so advised, that:

1. State employers, including authorities, are entitled to relief from charges on the same terms and conditions as apply to contributing employers.

2. A nonprofit organization electing to reimburse the Unemployment Compensation Fund is not to be charged for benefits paid to ineligible claimants where the organization has successfully contested the claimant's eligibility.

3. A nonprofit organization electing to reimburse the Unemployment Compensation Fund is not entitled to relief from charges under section 302(a) where a claimant who has reestablished eligibility pursuant to section 401(f) receives benefits based in part on wages earned in the employ of the organization.