422 A.2d 591

**Joanne J. ITRI, An Individual, Appellant,**

**v.**

**Sharon LEWIS, a/k/a Sharon Gelet, An Individual.**

Superior Court of Pennsylvania.

Argued April 14, 1980.

Filed Oct. 3, 1980.

John M. Silvestri, Pittsburgh, for appellant.

Joseph D. Talarico, Pittsburgh, for appellee.

Before CAVANAUGH, HOFFMAN and VAN der VOORT, JJ.

## OPINION

PER CURIAM:

The plaintiff filed a complaint in trespass alleging inter alia that the defendant had slandered her. The defendant filed preliminary objections in the nature of a demurrer, motion to strike off and motion for a more specific pleading. The lower court sustained the preliminary objections in the nature of a demurrer since the complaint did not state the exact words which were allegedly slanderous. It then dismissed the complaint. We reverse and remand.

In the instant case the lower court sustained the defendant's preliminary objections and dismissed the com-

plaint inter alia because the complaint did not state the exact words which were alleged to be slanderous.[1] In an action for slander the complaint is sufficient if it contains the substance of the spoken words. *Tipton v. Kahle*, 3 Watts 90 (1834); *Kennedy v. Lowry*, 1 Binn. 393 (1808); *Hersh v. Ringwalt*, 3 Yeates 508 (1803) (semble); *see Lukehart v. Byerly*, 53 Pa. 418 (1866); *Cooper v. Bruce*, 2 Watts 109 (1833). *Contra, Yundt v. Yundt*, 12 Serg. & Rawl. 427 (1825); *see Young v. Geiske*, 209 Pa. 515, 58 A. 887 (1904). Although *Young v. Geiske, supra*, relied upon by appellee states that in a slander action the exact words are necessary, that case involved an action for libel and thus such a statement is mere dictum. Moreover *Young* fails to cite any Pennsylvania authority for such a proposition. Therefore, the prior cases, cited *supra*, still control in actions for slander.

In *Gross v. United Engineers and Constructors, Inc.*, 224 Pa.Super. 233, 302 A.2d 370 (1973), we affirmed the lower court's order which sustained defendant's preliminary objections in the nature of a demurrer. The complaint for libel and slander in *Gross* had several deficiencies. Among them were the failure to allege with any particularity the content of oral or written statements claimed to have been made, the identity of the persons making such statements, and the identity of the persons to whom the statements were made. *Id.*, 224 Pa. at 235, 302 A.2d at 371. Since the plaintiff failed to amend his complaint and even refused to supply relevant information when he was deposed, we affirmed the lower court's order sustaining defendant's preliminary objections and dismissing the complaint with prejudice. In *Gross*, however, we merely required that the actionable words be stated with "particularity," we did not require them to be stated with exactitude.

1. In reaching its conclusion, the lower court also considered matters dehors the record. This was improper. *International Union of Operating Engineers Local No. 667, AFL–CIO v. Linesville Construction Co.*, 457 Pa. 220, 322 A.2d 353 (1974); *Commonwealth of Pa. Department of Justice v. Knox*, 29 Pa.Cmwlth. 302, 370 A.2d 1238, 1239 (1977).

Although it is preferable that the exact words be stated in the complaint, often the exact words are not known. However, although the exact words need not be stated, the complaint must specify the substance of the spoken words; the purport of the spoken words is necessary.

> The meaning of the decision in *Kennedy v. Lowry*, 1 Binn. 393, that the substance of the words may be stated in the declaration, is that the plaintiff need not set out every identical word spoken by the defendant, but may give the purport of what was said by him.

*Tipton v. Kahle, supra* at 93. This requirement aids the defendant in preparing a defense and also aids the court in determining whether particular words are capable of a defamatory construction. *Cf. Corabi v. Curtis Publishing Co.*, 441 Pa. 432, 273 A.2d 899 (1971) (court has function of determining whether particular words are capable of a defamatory construction); *Vitteck v. Washington Broadcasting Co.*, 256 Pa.Super. 427, 431, 389 A.2d 1197, 1199 (1978) (same).

■ An examination of the instant complaint discloses several deficiencies. The complaint merely alleges that the defendant told others that the plaintiff, a married woman, had "an extramarital adulterous relationship"[2] with a particular man. Such allegation does not purport to be either the exact words or the words in substance used by the defendant. Since the complaint does not specify the words in substance used by the defendant, it is defective. It is also defective for failure to identify any persons to whom the alleged statements were made. *Gross v. United Engineers and Constructors, Inc., supra.*

However, the lower court erred in dismissing the complaint without allowing the plaintiff leave to amend. In considering whether the lower court erred in sustaining a preliminary objection in the nature of a demurrer and

2. These are the words used in the complaint. In the complaint they do not have quotation marks, nor do they otherwise purport to be either the exact words or the substance of the exact words used by the defendant.

dismissing a complaint our Supreme Court has stated "[t]he right to amend should not be withheld where there is some reasonable possibility that amendment can be accomplished successfully." *Otto v. American Mutual Insurance Co.*, 482 Pa. 202, 205, 393 A.2d 450, 451 (1978) (citations omitted). *See* Goodrich–Amram 2d, Standard Pa. Practice § 1017(b):11 text at n. 55. In the instant case there is a reasonable possibility that amendment can be accomplished successfully. At the hearing on the preliminary objections the plaintiff offered to amend the complaint to specify the words spoken and the persons to whom the words were spoken. Therefore the lower court should have given plaintiff the opportunity to amend rather than dismiss the complaint.

Order reversed and case remanded for proceedings consistent with this opinion.