IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Darell Holmes,                            :
                    Petitioner            :
                                          :
            v.                            :
                                          :
Pennsylvania Department                   :
of Corrections,                           :        No. 143 M.D. 2019
                    Respondent            :        Submitted: November 1, 2019


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                               FILED: February 3, 2020


            Before this Court are the Pennsylvania Department of Corrections'
(Department) preliminary objections (Preliminary Objections) to Darell Holmes'
(Holmes) pro se petition for review in the nature of a complaint for declaratory
judgment and injunctive relief (Petition) filed in this Court's original jurisdiction.
After review, we sustain the Preliminary Objections and dismiss the Petition.


## Background

            On August 21, 2018, Holmes was charged with misconduct number
DO44470 (Misconduct) for possession of a dangerous or controlled substance. *See*
Petition ¶8, Ex. A. Prior to the issuance of the Misconduct, Holmes had been
residing in the Honor Block at the State Correctional Institution at Forest. *See*
Petition ¶2. After the issuance of the Misconduct, Holmes was held in pre-hearing
confinement until his Misconduct hearing on August 24, 2018. *See* Petition ¶13.
After the hearing, Holmes was found guilty of the charge and sanctioned to 60 days

in the Restricted Housing Unit (RHU). *See* Petition ¶25. Holmes appealed, and the Program Review Committee (PRC) upheld the Misconduct. *See* Petition ¶¶34, 38. Holmes further appealed to the Superintendent who also upheld the Misconduct. *See* Petition ¶¶43, 45. Finally, Holmes appealed to the Office of the Chief Hearing Examiner which, on December 10, 2018, vacated the Misconduct and remanded the matter with leave to refile the charge. *See* Petition ¶¶49, 51. The charge was never refiled. *See* Petition ¶53.

Due to the Misconduct, Holmes remained in the RHU for 60 days and then in a step-down unit for another 54 days. *See* Petition ¶65. Holmes was also denied contact visits for 90 days. *See* Petition ¶40. The Department returned Holmes to general population on December 11, 2018, the day after the Misconduct was vacated.

**Facts**

On March 11, 2019, Holmes filed the Petition seeking: (1) a declaration that the Department's acts and omissions with respect to the Misconduct violated Holmes' rights under the United States (U.S.) and Pennsylvania Constitutions; (2) an injunction directing the Department to remove the Misconduct from Holmes' institutional file; (3) an injunction directing the Department to return Holmes to his status as it existed before the Misconduct was filed; (4) an injunction directing the Department to reestablish its Misconduct Policy (DC-ADM-801); (5) nominal damages; and (6) compensatory damages. *See* Petition at 22-23. On April 18, 2019, the Department filed its Preliminary Objections, alleging: (1) this Court lacks jurisdiction over this matter; (2) intentional tort claims are barred by sovereign

immunity;[1] (3) the Prison Litigation Reform Act (PLRA)[2] bars Holmes' claim for compensatory damages; (4) Holmes' allegations do not support a claim for punitive damages;[3] and (5) Holmes does not state a due process claim.

## Discussion

The law is well settled:

> In ruling on preliminary objections, we must accept as true all well-pleaded material allegations in the petition for review, as well as all inferences reasonably deduced therefrom. The Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. In order to sustain preliminary objections, **it must appear with certainty that the law will not permit recovery**, and any doubt should be resolved by a refusal to sustain them.
>
> A preliminary objection in the nature of a demurrer admits every well-pleaded fact in the [petition for review in the nature of a] complaint and all inferences reasonably deducible therefrom. It tests the legal sufficiency of the challenged pleadings and will be sustained only in cases where the pleader has clearly failed to state a claim for which relief can be granted. **When ruling on a demurrer, a court must confine its analysis to the [petition for review in the nature of a] complaint**.

*Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010) (emphasis added; citations omitted). "[C]ourts reviewing preliminary objections may not only consider the facts pled in the complaint, but also any documents or exhibits attached to it." *Allen v. Dep't of Corr.*, 103 A.3d 365, 369 (Pa. Cmwlth. 2014).

---

[1] "Pennsylvania courts . . . have allowed parties to plead the affirmative defense of immunity as a preliminary objection where the defense is clearly applicable on the face of the complaint." *Mazur v. Cuthbert*, 186 A.3d 490, 497 (Pa. Cmwlth. 2018) (quoting *Feldman v. Hoffman*, 107 A.3d 821, 829 (Pa. Cmwlth. 2014)). Here, the immunity defense is clearly applicable on the face of the Petition.

[2] 42 Pa.C.S. §§ 6601-6608.

[3] Based on this Court's review of the Petition, Holmes is not seeking punitive damages.

Here, in response to Holmes' request for an injunction directing the Department to remove the Misconduct from his institutional file, the Department attached a record of the Misconduct Exoneration to its Preliminary Objections as Exhibit B.

> In asserting th[is] fact[], which [is] not apparent on the face of the Petition, [the Department has] filed an improper 'speaking demurrer.' *Barndt v. Dep[*'t] of Corr*[.], 902 A.2d 589, 591 n.2 (Pa. Cmwlth. 2006). However, [Holmes] did not file preliminary objections challenging the procedural propriety of [the Department's] Preliminary Objection; accordingly, that issue is waived. *See Dep[*'t] of Justice v. Knox,* . . . 370 A.2d 1238, 1240 n.4 (Pa. Cmwlth. 1977) (holding that, **when objected to**, 'speaking demurrers' should not be considered) (citing *Brennan v. Smith*, . . . 299 A.2d 683 (Pa. Cmwlth. 1972)); Pa. R.C.P. No. 1032(a) (stating, *inter alia*, that a party waives all objections which are not presented by preliminary objection, answer, or reply).

*Tucker v. Beard* (Pa. Cmwlth. No. 359 M.D. 2010, filed January 4, 2011), slip op. at 4 n.2; *see also Colonial Sur. Co. v. Redevelopment Auth. of the County of Fayette* (Pa. Cmwlth. No. 859 C.D. 2016, filed July 25, 2017)[4] (petitioner cannot claim that the trial court erred in considering anything outside the petition because petitioner did not object to the respondent's preliminary objections). Here, Holmes did not file a preliminary objection, answer or reply to the Department's Preliminary Objections. Accordingly, this Court holds that based on the Misconduct Exoneration, Holmes' request for an injunction directing the Department to remove the Misconduct from his institutional file is now moot.

---

[4] Pursuant to Section 414(a) of the Commonwealth Court Internal Operating Procedures, unreported opinions of a panel of the Commonwealth Court, if issued after January 15, 2008, may be cited for persuasive value, but not as binding precedent. 210 Pa. Code § 69.414(a).

In its first Preliminary Objection, the Department asserts that, to the extent Holmes is challenging the initial and mid-level Misconduct review, this Court lacks jurisdiction.

Holmes challenges the Department's placing him in the RHU for 60 days, then to a step-down unit for another 54 days, and denying him contact visits for 90 days as a result of his Misconduct. "This Court and our Pennsylvania Supreme Court have previously held that [the Department's] decision[s] concerning charges of misconduct against an inmate are beyond this Court's . . . original jurisdiction." *Brown v. Pa. Dep't of Corr.*, 913 A.2d 301, 305 (Pa. Cmwlth. 2006).[5]  Accordingly, this Court has no authority to address this claim and the Department's first Preliminary Objection is sustained.

The Department next argues that Holmes' intentional tort claims are barred by sovereign immunity and must be dismissed.

Holmes is claiming emotional and psychological damage due to the Department's actions.  To the extent Holmes is asserting an intentional tort claim, "[t]his Court has held that when an employee of a Commonwealth agency was acting within the scope of his or her duties, the Commonwealth employee is protected by sovereign immunity from the imposition of liability for intentional tort claims." *LaFrankie v. Miklich*, 618 A.2d 1145, 1149 (Pa. Cmwlth. 1992).  Here, Holmes did not name any individual Department employees who may have caused him alleged emotional and psychological damage, nor did he allege that the issuance of the Misconduct and subsequent procedures were not within the Department employees' scope of duties.  To the contrary, Holmes alleged that the Department followed its current Misconduct Policy and requested this Court to reissue a modified Misconduct Policy limiting pre-hearing confinement to specified misconduct.  *See* Petition at 22.

---

[5] In *Brown*, as here, the petitioner challenged, *inter alia*, the Department's decision to place him under restrictions for 30 days as part of his misconduct.

5

Since the Department employees were acting within the scope of their duties with respect to the Misconduct, any claims against them would be barred by sovereign immunity. Accordingly, this Preliminary Objection is sustained.

The Department next contends that Holmes is barred by the PLRA from recovering compensatory damages for mental and emotional injuries, and by the Pennsylvania Constitution from recovering any damages.

Initially, Section 6603 of the PLRA provides, in relevant part:

> **(a) Limitations on remedies for [f]ederal claims.--**Prison conditions litigation filed in or remanded to a court of this Commonwealth alleging in whole or in part a violation of [f]ederal law shall be subject to any limitations on remedies established by [f]ederal law or [f]ederal courts with respect to the [f]ederal claims.
>
> **(b) Limitations on remedies under Pennsylvania law.--** Prison conditions litigation arising in whole or in part due to an allegation of a violation of Pennsylvania law shall be subject to the limitations set forth in this act with respect to those claims arising under Pennsylvania law.

42 Pa.C.S. § 6603. To the extent Holmes is seeking compensatory damages for mental and emotional injuries under federal law, Section 1997e(e) of the United States Code mandates: "No [f]ederal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act . . . ." 42 U.S.C. § 1997e(e). Here, Holmes has not alleged a prior physical injury or a sexual act. Moreover, to the extent Holmes is seeking any damages under the Pennsylvania Constitution, "[t]o date, neither Pennsylvania statutory authority, nor appellate case law has authorized the award of monetary damages for a violation of the Pennsylvania Constitution." *Jones v. City of Phila.*, 890 A.2d 1188, 1208 (Pa. Cmwlth. 2006). Accordingly, this Preliminary Objection is sustained.

6

The Department next objects to Holmes' Petition because Holmes' allegations cannot support a due process claim as a matter of law.

To the extent that Holmes claims the Department's failure to return him to the Honor Block was a due process violation, "[t]he requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property. When protected interests are implicated, the right to some kind of prior hearing is paramount." *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972).

"The [c]ourts of this Commonwealth and the [f]ederal [c]ourts have consistently held that prison officials have the authority to determine where a prisoner should be housed[,] and that the [d]ue [p]rocess [c]lause imposes few restrictions on the use of that authority." *Singleton v. Lavan*, 834 A.2d 672, 675 (Pa. Cmwlth. 2003). Thus, although Holmes does not specifically allege that his due process rights had been violated, it is evident that his placement in the general population does not violate his due process rights. Therefore, Holmes has failed to state a due process claim upon which relief can be granted. As such, Holmes would not be entitled to an injunction ordering the Department to return him from the general population to the Honor Block. Accordingly, this Preliminary Objection is sustained.

Finally, with respect to Holmes' request for an injunction to stop the Department from using its current misconduct policy (and reissue a modified policy allowing prisoners to remain in the general population for minor offenses), the Department argues that such request is not within the province of the courts because it is a matter of prison administration. Specifically,

> [t]he United States Supreme Court generally defers to the judgment of prison officials in upholding regulations against constitutional challenge, because **the problems of American prisons are complex and intractable ones with which the courts are ill equipped to deal**. *Shaw v.*

7

> *Murphy*, 532 U.S. 223, 229 . . . (2001). Accordingly, it employs a 'unitary, deferential standard' in reviewing prisoners' constitutional claims. *Id.* 'When a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests.' *Id.* (quoting *Turner v. Safley*, 482 U.S. 78, 89 . . . (1987)).

*Bronson v. Horn*, 830 A.2d 1092, 1095 (Pa. Cmwlth. 2003), *aff'd*, 848 A.2d 917 (Pa. 2004) (emphasis added).

Here, Holmes claims the Department should modify its misconduct policy to permit prisoners to remain in the general population when they are charged with less serious offenses. The United States Supreme Court has instructed that "[w]e must accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them[,]" and "[t]he burden . . . is not on the [s]tate to prove the validity of prison regulations but on the prisoner to disprove it." *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003). Because Holmes' allegations do not disprove the validity of the Department's current Misconduct Policy, this Preliminary Objection is sustained.

## Conclusion

Because it appears with certainty, based on the allegations in the Petition, that the law will not permit the relief requested therein, Holmes cannot establish a clear legal right to relief. Accordingly, the Department's Preliminary Objections are sustained, and Holmes' Petition is dismissed.

_____
ANNE E. COVEY, Judge

8

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Darell Holmes,                          :
                    Petitioner          :
                                        :
              v.                        :
                                        :
Pennsylvania Department                 :
of Corrections,                         :          No. 143 M.D. 2019
                    Respondent          :

## O R D E R

AND NOW, this 3rd day of February, 2020, the Pennsylvania Department of Corrections' Preliminary Objections to Darell Holmes' (Holmes) pro se petition for review in the nature of a complaint for declaratory judgment and injunctive relief (Petition) are SUSTAINED, and Holmes' Petition is DISMISSED.

_____
ANNE E. COVEY, Judge