Burke, Appellant, *v.* Triangle Publications, Inc.

Argued December 7, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*William Goldstein*, with him *Paul M. Goldstein*, for appellant.

*Allen D. Black*, with him *Harold E. Kohn*, and *David H. Marion*, for appellee.

OPINION BY WATKINS, J., March 27, 1973:

This is an appeal by the plaintiff-appellant, Catherine Burke, from the entry of summary judgment on preliminary objections in favor of the defendant-appellee, Triangle Publications, Inc., in a defamation and invasion of privacy action.

The action arose from an article and accompanying photograph which appeared on the front page of the defendant's newspaper, "The Philadelphia Daily News", on October 31, 1968. The article stated that the plaintiff was the girl friend of Mike Borschell, who had been arrested and charged with the murder of a Philadelphia policeman; that the plaintiff waved at Borschell as he was being taken from the police station; and then the plaintiff broke down and cried. Borschell was a married man at the time and this was known by people acquainted with Borschell and who also knew the plaintiff and the plaintiff alleged that the entire story was false.

Preliminary objections were filed on behalf of the defendant-appellee and the court below sustained the preliminary objections and granted leave to the plaintiff to file an amended complaint. The court in his order did not specify which of the defendant's fourteen preliminary objections were sustained and which were overruled. The plaintiff then filed an amended statement and again the defendant filed preliminary objections and finally after a long delay they were finally argued on January 31, 1972, when the court below entered an order sustaining the preliminary objections,

again generally, and dismissed the amended complaint and summarily entered judgment for the defendant.

A libel is a malicious written or printed publication which tends to blacken a person's reputation or exposes him to public hatred, contempt or ridicule or injure him in his business or profession. *Corabi v. Curtis Publishing Company*, 441 Pa. 432, 273 A. 2d 899 (1971). "A communication is defamatory if it tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Cosgrove Studio and Camera Shop, Inc. v. Pane*, 408 Pa. 314, 182 A. 2d 751 (1962).

The first contention raised in the preliminary objections was that the plaintiff cannot be reasonably identified from the article and picture and that, therefore, no cause of action existed. The defendant contends that the picture of the plaintiff is shown with her face partially covered with her hands as she is bent over allegedly in tears over the fate of the alleged cop-killer.

Of course, if the girl cannot be identified then, there is nothing defamatory here and the preliminary objections should be upheld. However there are clearly controverted facts raised by this contention. An examination of the photograph discloses and the plaintiff contends that she could easily be identified by her friends, acquaintances and relatives and they are the ones who would hold contempt for her, etc., because of the picture and the article. It is true that her face is partially covered, but the girl's clothing, her hair style and her general appearance, shape and profile, are recognizable from the photograph as it was taken from close range. The photograph covered over one-quarter of the front page and it was not taken from the back as indicated in the court's opinion, but from the side. It is clear that persons who knew her could easily recognize

her from this photograph even if her hands partially covered her face.

Next, the defendant objects that the publication is not capable of a defamatory meaning. *Volomino v. Messenger Publishing Co.*, 410 Pa. 611, 189 A. 2d 873 (1963). The defendant claims that the only reference to the plaintiff in the article was that she was the girl-friend of the accused and that does not impute anything except that they knew each other and that she was of the female sex. This is far from what a reasonable interpretation of the article would give any reader. The publication is captioned in bold letters—"THE GIRL HE LEFT BEHIND" and states in the body of the article beneath the caption of the picture: "He glances forlornly at waiting girl friend who waved her hand at him, then broke down in tears against police patrol car."

No other reasonable meaning can be attached to this article except that she was romantically involved with this alleged murderer of a policeman and who was known to be married by friends, acquaintances and relatives of the girl and taken as a whole constitutes grounds for defamation if the allegations are not true as contended by the plaintiff.

The defendant also contends that an actionable case of invasion of privacy has not been made out. In *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964), it was held that a newspaper may publish stories about an important public event and cannot be held liable for defamation or invasion of privacy unless it actually knew or had reason to know that the publication was false or had published it with reckless indifference as to its truth or falsity. See also, *Sellers v. Time, Inc.*, 299 F. Supp. 582 (E.D. Pa. 1969), aff'd, 423 F. 2d 887 (3d Cir. 1970), cert denied, 400 U.S. 830 (1970), which holds that the newspaper's privilege extends not only

to the central object of the article but to all peripheral persons connected with the central figure.

A real question of fact is raised if the plaintiff was not in truth "the girl friend" of the accused man so the author did put her in a false light by the publication and the determination whether this is true or false seems to demand the defendant to file an answer and new matter and proceed to trial if necessary. Preliminary objections are not the proper way to determine qualified, constitutional privilege. Pennsylvania Rules of Civil Procedure 1045(b) specifically provides that all defenses included under Rule 1030 plus the defense for qualified privilege shall be raised by means of new matter. There is a clear distinction between absolute privilege and qualified privilege and the pleadings in this case speak of qualified privilege.

In the instant case, the defense of qualified privilege was raised by preliminary objections. To support its position, the defendant-newspaper relies on *Greenberg v. Aetna Insurance Co.*, 427 Pa. 511, 235 A. 2d 576 (1967), cert. denied, 392 U.S. 907 (1968), in which the Supreme Court of Pennsylvania allowed a defense of privilege to be raised by preliminary objections. In that case, an individual had sued his insurance company on fire insurance policies that defended by claiming arson in their pleadings. The court sustained the preliminary objections because anything pleaded in a judicial proceeding is *absolutely privileged.* The court held that the pleadings on their face did not disclose a cause of action. It is interesting to note that Justice JONES, now Chief Justice JONES, and the late Justice COHEN, dissented on the ground that even absolute privilege could not be disposed of by preliminary objections, but must be pleaded as new matter. The instant case, unlike *Greenberg,* supra, does not on its face, disclose a claim "devoid of merit".

The amended complaint stated that the publication was made with knowledge that it was false or with reckless indifference as to its truth or falsity. Defendant contends that this is too general to demand an answer. However, Pennsylvania Rules of Civil Procedure 1019 (b) holds that an averment of malice or intent may be made generally. However, we need not reach this contention as we hold that this defense of qualified privilege should have been raised by new matter.

The order of the court below is reversed, the judgment vacated and the preliminary objections dismissed. The plaintiff is directed to proceed in accordance with this decision and the Pennsylvania Rules of Civil Procedure 1030 and 1045.

JACOBS, J., dissents.