389 A.2d 1197

**George W. VITTECK, Jr., Appellant,**

**v.**

**WASHINGTON BROADCASTING COMPANY, INC.,**
**a corporation, Appellee.**

Superior Court of Pennsylvania.

Argued Nov. 14, 1977.

Decided July 12, 1978.

428

Dennis J. Stefanik, Washington, for appellant.

William D. Phillips, Washington, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

Appellant, George W. Vitteck, filed a complaint in trespass seeking redress for alleged defamatory statements broadcast by the defendant-appellee, Washington Broadcasting Co., Inc. This appeal is from the order of the court below sustaining appellee's preliminary objections in the nature of a demurrer to the complaint.

■■ At the outset, we reiterate two fundamental principles. First, when considering preliminary objections in the nature of a demurrer all well-pleaded material facts alleged in the complaint, as well as all the inferences reasonably deducible therefrom, must be deemed true. *Allstate Insurance Co. v. Fioravanti*, 451 Pa. 108, 299 A.2d 585 (1973); *Barto v. Felix*, 250 Pa.Super. 262, 378 A.2d 927 (1977). Secondly, "we are mindful of the rule that preliminary objections should be sustained and a complaint dismissed only in cases which are clear and free from doubt. By this we mean it must appear with certainty that, upon the facts averred, the law will not permit recovery by the plaintiff. Any doubt should be resolved by a refusal to sustain the objections." *Allstate Ins. Co. v. Fioravanti*, supra, 451 Pa. at 108, 299 A.2d at 587 (citations omitted); *Clevenstein v. Rizzuto*, 439 Pa. 397, 266 A.2d 623 (1970).

Appellant's complaint alleges that on November 12, 1975, and various times thereafter, the appellee, a local radio station, broadcast a story which identified appellant as having attended a meeting of the Board of Supervisors of

Canton·Township. The broadcast allegedly went on to say that appellant engaged in a loud exchange with members of the Board; became enraged; refused to be seated notwithstanding repeated requests to do so; and left the meeting slamming the door as he exited. It is further alleged that appellee's broadcast stated appellant became involved in a scuffle with another individual and that criminal charges would be filed against appellant. Appellant avers that he, in fact, did not attend the meeting in question and therefore never engaged in any of the activities reported in the broadcast and, furthermore, appellee continued to broadcast the story despite being advised that it was false. Appellant alleges that the broadcasts were defamatory in that they "exposed (him) to public contempt, ridicule, aversion and disgrace and tended to induce an evil opinion of him in the minds of right thinking persons and deprived him of their friendly intercourse and society." The complaint further alleges that the broadcasts are defamatory *per se*, and were made with malice or a reckless disregard of the truth.

Appellee responded by filing preliminary objections alleging that the complaint failed to state a cause of action because: the matter communicated is not defamatory as a matter of law; the communication was privileged; and malice was absent due to mistaken identity. The court below sustained the first two objections and this appeal followed. We reverse.

Initially, we note that, contrary to appellant's assertion, it is the court's function and not the jury's to determine whether a given communication is capable of a defamatory construction. *Corabi v. Curtis Pub. Co.*, 441 Pa. 432, 273 A.2d 899 (1971); Restatement of Torts 2nd Sec. 614 (1977). As the Court stated in *Corabi*, supra, 441 Pa. at 442, 273 A.2d at 904: "Procedurally, it is the function of the court, in the first instance, to determine whether the communication complained of is capable of a defamatory meaning (citing authorities). If the court determines that the statement is capable of a defamatory meaning, it is for the jury to determine whether it was so understood by the

recipient." (Citation omitted.) See also *Doman v. Rosner*, 246 Pa.Super. 616, 371 A.2d 1002 (1977); *Kernick v. Dardanell Press*, 428 Pa. 288, 236 A.2d 191 (1967). However, while it is certain the court below was acting within its province in addressing the question of whether the instant broadcast was capable of a defamatory meaning, we believe the court erred in answering this question negatively.

In *Cosgrove S. & C. Shop, Inc. v. Pane*, 408 Pa. 314, 317, 182 A.2d 751, 753 (1962) it was stated: "A libel is a maliciously written or printed publication which tends to blacken a person's reputation or expose him to public hatred, contempt, or ridicule or injure him in his business or profession." See also *Corabi v. Curtis Pub. Co.*, supra; *Clark v. Allen*, 415 Pa. 484, 204 A.2d 42 (1964); *Volomino v. Messenger Publishing Co.*, 410 Pa. 611, 189 A.2d 873 (1963). In other words, "(a) communication is defamatory if it tends so to harm the reputation of another as to lower him in the estimation of the community or deter third persons from associating or dealing with him." *Birl v. Phil. Elect. Co.*, 402 Pa. 297, 303, 167 A.2d 472, 475 (1960) quoting with approval the Restatement of Torts (One) Sec. 559 (1938),* *Corabi v. Curtis Pub. Co.*, supra; *Cosgrove S. & C. Shop, Inc. v. Pane*, supra. See also *Purcell v. Westinghouse Broad. Co.*, 411 Pa. 167, 176, 191 A.2d 662, 666, holding that a radio broadcast which exposes a person to " 'ridicule, contempt, hatred or degradation of character' " is defamatory. In short, as one leading authority has stated, "Defamation is . . . that which tends to injure 'reputation' in the popular sense; to diminish the esteem, respect, goodwill or confidence in which the plaintiff is held, or to excite adverse, derogatory or unpleasant feelings or opinions against him. It necessarily, however, involves the idea of disgrace . . ." See Prosser, Law of Torts, 4th Ed., Sec. 111, pg. 739.

Seen in this light, the complained of communication is capable of bearing a defamatory meaning. As a matter of law it cannot be held that the communication was not capable of exposing appellant to public ridicule or disgrace,

---

* The Restatement of Torts, Second, Sec. 559 (1977), defines a defamatory communication in the same terms as the original Restatement.

and having a general tendency to disparage his reputation in the community. *Corabi v. Curtis Publ. Co.*, supra. The tenor of the broadcast was such to clearly allow the inference that appellant, in essence, made a fool out of himself at the meeting and conducted himself in an unbecoming and irrational manner. As previously noted, however, appellant's complaint avers that he in fact never attended the meeting. Furthermore, the broadcast stated that criminal charges would be lodged against appellant. This statement immediately placed him in the category of one about to be accused of legal wrongdoing with all the attendant ramifications that arise in the public mind. In sum, in the context and circumstances of this case, appellee's demurrer alleging the communication was not defamatory as a matter of law should have been overruled.

Indeed, the lower court itself retained reservations as to its conclusion that appellant's complaint was insufficient. In its opinion sustaining the preliminary objections the court stated, inter alia, that: "We therefore feel that although the case may be somewhat close, the plaintiff has not alleged 'defamatory' words in the most technical sense of that concept . . . Perhaps a generation ago this would have required a trial; we cannot afford the time of judge and jurors today for a case, in which if no more was proved than charged here, either a nonsuit would be entered or a verdict for no more than 6¼¢ directed." Given this expression of doubt, the issue should have been resolved in favor of appellant. For it is well settled, as noted at the outset, that preliminary objections in the nature of a demurrer should be sustained only in cases where it is certain the law will deny recovery; and any doubt is to be resolved against the demurrer. *Allstate Ins. Co. v. Fioravanti*, supra; *Clevenstein v. Rizzuto*, supra. These same rules apply equally to a defamation action and, therefore, unless the court is certain the communication is incapable of bearing a defamatory meaning a demurrer challenging the sufficiency of the complaint should be overruled.

Lastly, it is evident that the lower court erred in passing upon defendant-appellee's assertion of constitutional

privilege at this stage in the proceedings. In *Burke v. Triangle Publications, Inc.*, 225 Pa.Super. 272, 276, 302 A.2d 408, 411 (1973), we addressed this exact issue and stated: "Preliminary objections are not the proper way to determine qualified, constitutional privilege. Pennsylvania Rules of Civil Procedure 1045(b), 12 P.S. Appendix, specifically provides that all defenses included under Rule 1030 plus the defense for qualified privilege shall be raised by means of new matter." The rationale underlying this rule of procedure is that a qualified constitutional privilege may be lost to the defendant due to abuse. To determine whether the privilege has been abused necessarily entails an additional factual and legal determination which cannot be resolved by simply examining the present pleadings. In other words, once the defendant has satisfactorily established the existence of a qualified privilege, the plaintiff must be afforded the opportunity to demonstrate an abuse of the privilege. See generally Act of August 21, 1953, P.L. 1291, § 1, 12 P.S. § 1584a (Supp.1977–78).

Order reversed.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.