431 A.2d 1046

**Josephine ZELIK, Appellant,**

v.

**The DAILY NEWS PUBLISHING COMPANY, a Pennsylvania corporation, and Janice Stoltz, an individual.**

Superior Court of Pennsylvania.

Argued Nov. 13, 1980.

Filed June 26, 1981.

Kenneth W. Kubrick, Pittsburgh, for appellant.

Diane W. Perer, Pittsburgh, for The Daily News, appellee.

Eileen D. Yacknin and Margaret Heinz, Pittsburgh, for Stoltz, appellee.

Before PRICE, CAVANAUGH and HOFFMAN, JJ.

HOFFMAN, Judge:

These consolidated appeals arise from a defamation action brought by appellant, Josephine Zelik. In two separate orders, the lower court granted the preliminary objections in the nature of a demurrer of appellee Janice Stoltz and the motion for judgment on the pleadings of appellee The Daily News Publishing Company (Daily News) on the ground that a statement made by Mrs. Stoltz, which was referred to in a

newspaper article published by the Daily News, was not capable of a defamatory meaning. For the reasons which follow, we reverse the orders of the court below and remand for further proceedings. ,

■■■ Our review of both of the lower court's orders is governed by the same principles. *See Beckman v. Dunn*, 276 Pa.Super. 527, 533, 419 A.2d 583, 585 (1980) (citing *Trost v. Clover*, 234 Pa.Super. 255, 338 A.2d 630 (1975)). On appeals from orders granting motions for judgment on the pleadings or preliminary objections in the nature of a demurrer, we accept as true the opposing party's well-pleaded averments of fact and consider against him only those facts which he specifically admits. *Bata v. Central-Penn National Bank of Philadelphia*, 423 Pa. 373, 224 A.2d 174 (1966), *cert. denied*, 386 U.S. 1007, 87 S.Ct. 1348, 18 L.Ed.2d 433 (1967); *Thomas Merton Center v. Rockwell International Corp.*, 280 Pa.Super. 213, 421 A.2d 688 (1980); *Beckman v. Dunn, supra.* Additionally, such a motion or preliminary objection will be sustained only in cases which are clear and free from doubt. *Bata v. Central-Penn National Bank of Philadelphia, supra* (judgment on the pleadings); *Vitteck v. Washington Broadcasting Co.*, 256 Pa.Super. 427, 389 A.2d 1197 (1978) (demurrer). So viewed, the pleadings in this case disclose the following. At the time this action was instituted, Mrs. Zelik was the regular third grade classroom teacher at the Borland Elementary School in West Mifflin, Pennsylvania. Mrs. Stoltz' son Paul was a third grade student at the Borland School enrolled in a learning disabilities class conducted pursuant to the Allegheny Intermediate Unit's (AIU) program for exceptional children. He was also a student in Mrs. Zelik's classes during part of each school day. Sometime between December 6 and December 13, 1978, Mrs. Stoltz told several persons that before her son's regularly scheduled science class on the afternoon of December 6, 1978, plaintiff had thrown a metal object at him.[1] On

---

1. The complaint averred that this statement was "communicated by [Mrs.] Stoltz to ... certain reporter(s), employee(s), agent(s) and servant(s) of the ... Daily News, as well as to the parents of

December 14, 1978, *The McKeesport Daily News,* a newspaper of general circulation owned by the Daily News, published an article entitled, "Local Task Force Again Questions AIU Decisions." After stating that members of the Local Task Force for the AIU had previously assisted Mrs. Stoltz and her husband in placing one of their sons in a learning disabilities program at the PACE school in Pittsburgh, the article continued:

Now, the task force again is in the corner of Mr. and Mrs. Stoltz, this time in behalf of another son, eight-year-old Paul, also afflicted with a learning disability and currently enrolled at Borland Elementary School in West Mifflin.

According to Paul's mother, Janice, the boy had been attending regular classes at Borland and also spending two hours daily in an AIU resource room there.

But she charges that a teacher there harassed him, and she said Paul would get sick in the morning and depressed at the prospect of going to school.

*Mrs. Stoltz alleges the situation came to a head recently, when the regular classroom teacher at Borland threw a metal object at her son.* She said she took Paul out of school after the alleged incident, and she has since tried to file charges against the teacher.

According to task force members, Mrs. Stoltz came to them last week seeking help. She asked for their support in asking that AIU officials place Paul at the PACE school.

Presentation of the case led to one motion calling for his removal from the regular classroom setting and placement at PACE, and the second seeking Dr. Meehan's resignation for his alleged "lack of response to this and other children's needs." Both passed by near-unanimous votes, it was reported.

numerous of Paul Stoltz's fellow third grade classmates, and numerous others."

Mrs. Stoltz said she will make a second attempt to file assault charges against the aforementioned teacher at Borland school before a magistrate today.

. . . .

(Emphasis added.)

Mrs. Zelik subsequently filed a complaint in trespass against both Mrs. Stoltz and the Daily News. She alleged that Mrs. Stoltz' statement was false, defamatory, and made maliciously. She further alleged that the statement of Mrs. Stoltz referred to in the Daily News article was "defamatory on its face [and] adversely reflects upon plaintiff's abilities, competency and reputation within the teaching profession . . . ." The Daily News filed an answer to the complaint in which it denied that the statement in question was defamatory. Mrs. Stoltz filed preliminary objections in the nature of a demurrer. The lower court granted the demurrer and dismissed the complaint as to Mrs. Stoltz because it concluded that her statement was not defamatory as a matter of law. The Daily News then filed a motion for judgment on the pleadings alleging that the complaint failed to state a cause of action for defamation. The lower court agreed and granted the motion. These appeals followed.

" 'A communication is defamatory if it tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him.' " *Corabi v. Curtis Publishing Co.*, 441 Pa. 432, 442, 273 A.2d 899, 904 (1971) (quoting *Cosgrove Studio and Camera Shop, Inc. v. Pane*, 408 Pa. 314, 318, 182 A.2d 751, 753 (1962)). "In short, . . . 'Defamation is . . . that which tends to injure "reputation" in the popular sense; to diminish the esteem, respect, goodwill or confidence in which the plaintiff is held, or to excite adverse, derogatory or unpleasant feelings or opinions against him. It necessarily, however, involves the idea of disgrace . . . .' " *Vitteck v. Washington Broadcasting Co., supra*, 256 Pa.Super. at 432, 389 A.2d at 1200 (quoting W. Prosser, *Handbook of the Law of Torts* § 111, at 739 (4th ed. 1971)). " "The test is the effect the [communication] is fairly calculated to produce,

the impression it would naturally engender in the minds of the average persons among whom it is intended to circulate.'" *Corabi v. Curtis Publishing Co., supra,* 441 Pa. at 447, 273 A.2d at 907 (quoting *Boyer v. Pitt Publishing Co.,* 324 Pa. 154, 157, 188 A. 203, 204 (1936)). "[I]t is the duty of the trial court, 'in the first instance, to determine whether the communication complained of is capable of defamatory meaning . . . . If the court determines that the statement is capable of a defamatory meaning, it is for the jury to determine whether it was so understood by the recipient.'" *Thomas Merton Center v. Rockwell International Corp., supra,* 280 Pa.Super. at 218, 421 A.2d at 690 (quoting *Corabi v. Curtis Publishing Co., supra,* 441 Pa. at 441, 273 A.2d at 904). "In its examination of the meaning of the communication, the court should read the allegedly defamatory words in context." *Beckman v. Dunn, supra,* 276 Pa.Super. at 534, 419 A.2d at 586.

■ In concluding that Mrs. Stoltz' statement that Mrs. Zelik had thrown a metal object at Mrs. Stoltz' son was incapable of a defamatory meaning, the lower court reasoned:

> Without more, [Mrs. Stoltz'] comment does nothing more than demean her own character to the listener rather than hold up the teacher to public ridicule. The comment, in the setting made, suggests nothing more than an emotional outburst of a frustrated parent who cannot obtain the best educational setting for her child as she believes it to be.

Lower Court Opinion at 3–4. Although the lower court's characterization of Mrs. Stoltz' statement is plausible, it certainly is not the only possible interpretation. Recipients of the communication might have reasonably concluded that plaintiff had thrown a metal object at one of her students and that a person who would engage in such conduct is not fit to teach young children. The statement certainly was capable of harming plaintiff's reputation in the community and therefore was capable of a defamatory meaning. Accordingly, the lower court erred in sustaining Mrs. Stoltz'

demurrer, thereby precluding Mrs. Zelik from proceeding with that aspect of her action.[2]

Because the basis of the Daily News' motion for judgment on the pleadings was that Mrs. Stoltz' statement was not capable of a defamatory meaning, the lower court erred in granting its motion on that ground. The Daily News argues, however, that it is entitled to judgment on the pleadings because the newspaper article did not identify Mrs. Zelik as the teacher who had thrown the metal object. "In an action for defamation, the plaintiff has the burden of proving, when the issue is properly raised: ... The understanding by the recipient of it as intended to be applied to the plaintiff." 42 Pa.C.S.A. § 8343(a)(5). " 'A person defamed need not be specifically named, if pointed to by description or circumstances tending to identify him.' " *Schonek v. W. J. A. C., Inc.*, 436 Pa. 78, 82–83, 258 A.2d 504, 506–07 (1969) (quoting *Cosgrove Studio and Camera Shop, Inc. v. Pane*, 408 Pa. 314, 319, 182 A.2d 751, 753 (1962)). " '[I]f the defamatory publication can reasonably be interpreted as referring to a particular complainant whether recipients did so conclude is for a jury to determine.' " *Thomas Merton Center v. Rockwell International Corp.*, *supra*, 280 Pa.Super. at 220 n.2, 421 A.2d at 691 n.2 (quoting *Farrell v. Triangle Publications, Inc.*, 399 Pa. 102, 106, 159 A.2d 734, 737 (1960)).

In the instant case, the Daily News does not deny Mrs. Zelik's assertion that she is the teacher to whom Mrs. Stoltz referred. It argues, however, that it is extremely unlikely that readers of the newspaper article would connect Mrs. Zelik with Mrs. Stoltz' statement because they would have had to know that Mrs. Stoltz' son was in the third

---

**2.** Mrs. Stoltz argues that the lower court's order granting her demurrer should be affirmed because Mrs. Zelik's complaint is defective in several respects. The order cannot be sustained on that ground, however, because, as the court noted in its opinion, all of the alleged defects can be cured by granting Mrs. Zelik leave to file a more specific complaint. *See Itri v. Lewis*, 281 Pa.Super. 521, 422 A.2d 591 (1980). (Plaintiff should have been granted leave to amend complaint where complaint failed to specify substance of allegedly defamatory words and to whom alleged statements had been made).

284

grade at Borland and that Mrs. Zelik was the only regular third grade teacher at that school. Certainly it is possible, if not probable, that some readers of the article either knew that Mrs. Stoltz' son was a student in Mrs. Zelik's class or subsequently made inquiry to learn the name of the teacher. Whether the readers did have such knowledge is a question for the finder of fact at trial. Consequently, the lower court's order granting the Daily News' motion for judgment on the pleadings cannot be sustained on the ground that the newspaper article did not identify Mrs. Zelik by name.

Orders reversed and case remanded for further proceedings.