## Bernard Ellsworth and Associates Inc. v. Empire Radio Partners Ltd.

*David M. Halpern,* for plaintiffs.
*Karen L. Steele,* for defendant.

KOPRIVA, *J.,* March 26, 1990 — Plaintiffs commenced this action by filing a complaint on August 14, 1989. The complaint sets forth 10 counts in which plaintiffs allege that individual defendant, Robert J. Puffer, defamed them and tortiously placed them in a false light by making the following statement during his morning radio show on January 16, 1989: "I may be setting myself up for a lawsuit. Ellsworth's is closed, filing for bankruptcy and it is just as well, their service is slow, their food is cold and desserts are $4.50."

Defendants filed preliminary objections on September 21, 1989. Plaintiffs then filed an amended complaint pursuant to Pa.R.C.P. 1028(c) which corrected the errors in the original complaint that defendants had objected to in counts VI, VII, IX and X of their preliminary objections. Therefore, the

issues now before this court are contained within counts I through V and count VII of defendants' preliminary objections. The issues raised are as follows:

(I) Does an officer of a corporation have a right to recover damages for an alleged defamation published of the corporation?

(II) Can an officer of a corporation maintain a cause of action under a theory of invasion of privacy for being placed in a false light where the allegedly tortious statements refer specifically to the corporation?

(III) Are the individual plaintiffs, Bernard E. Kitt Jr. and Mary J.C. Kitt, entitled to recover punitive damages?

(IV) Should that portion of paragraph 40 of plaintiffs' complaint be stricken as being scandalous or impertinent matter under Pa.R.C.P. 1017(b)(2)?

## DEMURRER

### Does an Officer of a Corporation Have a Right to Recover Damages for an Alleged Defamation Published of the Corporation?

Defendants are asking that counts II and III of plaintiffs' complaint be dismissed. In ruling on the demurrer, we accept as true all well-pled material facts in the complaint as well as all inferences reasonably deducible therefrom. *Vitteck v. Washington Broadcasting Co. Inc.*, 256 Pa. Super. 427, 389 A.2d 1197 (1978). A complaint alleging defamation should not be dismissed upon a preliminary objection in the nature of a demurrer unless the court is certain that the communication is incapable of bearing a defamatory meaning. *Gordon v. Lancaster Osteopathic Hospital Association*, 340 Pa. Super. 253, 489 A.2d 1364 (1985). A statement is defamatory if it tends to harm an individual's repu-

tation so as to lower him in the estimation of the community or deter third persons from associating or dealing with him. *Zartman v. Lehigh County Humane Society,* 333 Pa. Super. 245, 482 A.2d 266 (1984).

Defendants contend that as a matter of law, a corporate officer has no cause of action for defamation when the allegedly defamatory statement names only the corporation. In support of their position, defendants cite *Volomino v. Messenger Publishing Company,* 410 Pa. 611, 189 A.2d 873 (1963).

*Volomino* does not hold that a corporate officer is incapable of being defamed by words criticizing the corporation. It merely states, by way of a footnote, that "words criticizing a corporation *without more,* are not defamatory of a person connected with it." *Volomino, supra.* (emphasis supplied)

The critical phrase "without more" is explained in the early Superior Court case of *Binder v. Daily News Publishing Company,* 33 Pa. Super. 411 (1907), where the court states at page 425 as follows:

"Sometimes an attack upon a thing may be defamatory of the owner of that thing, or of others immediately connected with it. But this is only where an attack upon the thing is also an indirect attack upon the individual. If the words do not touch the personal character or professional conduct of the individual, they are not defamatory of him, and no action lies unless the words fall within the rules relating to slander of title."

Therefore, even though an allegation refers only to a corporate entity, if the allegation reflects negatively on the character or conduct of an individual closely connected with the corporation, such individual has a cause of action for defamation. Although Pennsylvania case law is somewhat sparse, we find the law to be clear that there can be

circumstances that justify permitting a corporate officer to maintain a defamation action even though the allegedly defamatory words were directed at the corporation. We have reviewed the cases from other jurisdictions cited by defendants, and are not persuaded that they contradict what we perceive to be the law of this state at this time, without comment as to the wisdom or reasonableness of such legal thinking.

Therefore, when we accept as true the facts pled in counts I and II of plaintiffs' complaint we find that the statements made by defendant Puffer concerning Ellsworth's are capable of a defamatory meaning regarding the individual plaintiffs, Bernard E. and Mary J.C. Kitt. Plaintiffs have a heavy burden of proof in a defamation action as set forth in 42 Pa.C.S. §8343. It may come before a jury to decide whether the statements made by Mr. Puffer were so understood by WFBG's listening audience to refer to Mr. and Mrs. Kitt. At this procedural stage, any doubt that the law will not permit recovery must be resolved against the demurrer, so we will allow the individual plaintiffs to proceed with this action. To rule otherwise would be premature, depriving plaintiffs of their opportunity to create a factual scenario which could sustain their heavy burden of proof.

## DEMURRER

*Can an Officer of a Corporation Maintain a Cause of Action Under a Theory of Invasion of Privacy for Being Placed in a Light Where the Allegedly Tortious Statements Refer Specifically to the Corporation?*

Defendants are hereby requesting that counts VII and VIII of plaintiffs' complaint be dismissed. Defendants claim that the individual plaintiffs have no cause of action since the publicity referred only to

the corporation. Basically, defendants are advancing the same reasoning argued in the preceding issue.

Restatement (Second) of Torts §652E defines false-light invasion of privacy as follows:

"One who gives publicity to a matter concerning another that places the other before the public in a false light is subject to liability to the other for invasion of his privacy, if

"(a) the false light in which the other was placed would be highly offensive to a reasonable person, and

"(b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed."

Unlike actions for defamation, it is not the tendency to lower the person in the esteem of others, but the tendency to be highly offensive, that forms the gravamen of the false-light tort. *Southern Air Transport v. American Broadcast Company,* 670 F.Supp. 38, 42 (1987). The question of whether the message would be highly offensive to a reasonable person is a matter for a jury. *Martin v. Municipal Publications,* 510 F.Supp. 255, 259 (E.D. Pa. 1981).

With regard to the question of whether Mr. and Mrs. Kitt may maintain an action for false-light invasion of privacy, there is little authority. In order to be consistent in our ruling on this matter, we find the reasoning set forth in deciding whether the individual plaintiffs may proceed with a defamation action to be equally applicable. We have ruled there are situations in which individuals closely connected with a corporation may maintain a cause of action for defamation even though the allegations refer only to the corporate entity. Likewise we conclude that there are circumstances where individuals may

be put in a false light by publicity concerning the corporation to which they are closely connected.

In accepting as true plaintiffs' allegations that Mr. and Mrs. Kitt are the sole owners of Ellsworth's and are generally known in the community as such, we find that the statements made by Mr. Puffer may be capable of placing the individual plaintiffs before the public in a false light. At this procedural stage, we find it appropriate to allow the individual plaintiffs to proceed to attempt to develop factually their cause of action for false-light invasion of privacy.

## DEMURRER

*Are the Individual Plaintiffs, Bernard E. Kitt Jr. and Mary J. C. Kitt, Entitled to Recover Punitive Damages?*

Defendants are hereby requesting that counts V and VI of plaintiffs' complaint be stricken. Punitive damages are recoverable in a defamation action where plaintiff shows actual malice on the part of the defendant. *Walder v. Lobel,* 339 Pa. Super. 203, 488 A.2d 622 (1985). Inasmuch as we have concluded that the individual plaintiffs have set forth facts sufficient to maintain a cause of action in defamation, we will allow them, at this time, to proceed with their claim for punitive damages as well.

## MOTION TO STRIKE

*Should that Portion of Paragraph 40 of Plaintiffs' Complaint be Stricken as Being Scandalous or Impertinent Matter Under Pa.R.C.P. 1017(b)(2)?*

The disputed paragraph states as follows:

"Prior to January 16, 1989, WFBG, under previous ownership but with the same general manager,

had fired the defendant Puffer, for drug usage and by virtue of reckless and untrue statements made on the air.''

Defendants contend that the reference to Mr. Puffer's drug usage is irrelevant to the defamation action and should therefore be stricken. We agree. The alleged drug usage has no bearing on the defamation action or on the invasion of privacy claim. Plaintiffs argue that the drug usage is essential to their claim for punitive damages as it tends to prove that the allegedly defamatory statements were made with reckless disregard for the truth. We fail to see that the averment of past drug usage is essential to the punitive-damage claim since plaintiffs may still allege that Mr. Puffer was fired for prior ''reckless and untrue statements made on the air.'' Any reference to Mr. Puffer's past drug usage would be highly prejudicial and is irrelevant to the material issues of the lawsuit.

Based on our consideration of defendants' preliminary objections we will now enter the following

## ORDER

Now, March 26, 1990, it is hereby ordered, directed and decreed that:

(1) Defendants' demurrer to counts II and III of plaintiffs' complaint is hereby denied.

(2) Defendants' demurrer to counts VII and VIII of plaintiffs' complaint is hereby denied.

(3) Defendants' demurrer to counts V and VI of plaintiffs' complaint is hereby denied.

(4) Defendants' motion to strike that portion of paragraph 40 of plaintiffs' complaint that refers to defendant Puffer's dismissal for drug usage is granted.