611 A.2d 299

**Anthony COCO, Appellant,**

**v.**

**Karen Ann VANDERGRIFT and Craig Vandergrift.**

Superior Court of Pennsylvania.

Argued June 23, 1992.

Filed July 29, 1992.

James C. Dalton, Doylestown, for appellant.

Paul R. Beckert, Jr., Bensalem, for Craig Vandergrift, appellee.

Before JOHNSON, FORD ELLIOTT, and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from the September 5, 1991 order granting the preliminary objections of Karen and Craig Vandergrift (appellees herein) and dismissing appellant Anthony Coco's complaint. Appellant contends that his complaint is sufficient to set forth a claim for custody. For the reasons that follow, we affirm.

On June 21, 1991, appellant filed a complaint seeking legal and physical custody and/or partial physical custody of appellee Karen Vandergrift's daughter. Appellees filed preliminary objections in the nature of a demurrer, asserting that the complaint failed to state a cause of action for which relief may be granted because appellees are husband and wife, the child was born during the marriage and has been held out to be the child of the marriage, and that there was no allegation of non-access or impotency. The trial court granted appellees' preliminary objections and dis-

missed appellant's complaint. Appellant then filed this timely appeal.

Appellees are husband and wife. During their marriage, appellee Karen Vandergrift gave birth to a girl who is now four-years-old. Appellant claims that he is the father and seeks partial custody of the child. In his complaint, he alleged that during the period the child was conceived, the mother, Karen Vandergrift, did not engage in sexual intercourse with her husband, Craig Vandergrift. He further asserted that he has established a meaningful relationship with the child over the last three years and that the defendants have facilitated both partial custody and visitation of the child. Additionally, appellant averred that blood testing of the parties and the child would establish that he, not appellee Craig Vandergrift, is the father of the child.

"On appeals from orders granting motions for judgment on the pleadings or preliminary objections in the nature of a demurrer, we accept as true the opposing party's well-pleaded averments of fact and consider against him only those facts which he specifically admits." *Zelik v. Daily News Pub. Co.*, 288 Pa.Super. 277, 279, 431 A.2d 1046, 1047 (1981) (citations omitted).

Appellant follows two courses to rebut the presumption that the child conceived and born during appellees' marriage is the child of Craig Vandergrift. First, he asserts husband's non-access. Second, he seeks blood testing of the parties. He contends that the trial court incorrectly concluded that his complaint was insufficient to overcome the presumption. Specifically, he argues that his complaint adequately established circumstances that would render the presumed father's access impossible. Additionally, he claims that the trial court erred in ruling that the presumed parents cannot testify as to sexual non-access in order to overcome the presumption of legitimacy. Thus, he argues that he is entitled to a hearing on his claim for custody. We disagree.

The presumption that a child conceived and born during a marriage is a child of the mother's husband is one of the

strongest presumptions in the law. Traditionally, courts have permitted the presumption to be overcome only by evidence which clearly and convincingly establishes 'non-access or that the husband was impotent or had no sexual intercourse with his wife at any time when it was possible in the course of nature for the child to have been begotten.'

*Jones v. Trojak,* 402 Pa.Super. 61, 66, 586 A.2d 397, 399 (1990), *appeal granted,* 527 Pa. 673, 594 A.2d 658 (1991). *See also Donnelly v. Lindenmuth,* 409 Pa.Super. 341, 343, 597 A.2d 1234, 1235 (1991); *Scott v. Mershon,* 394 Pa.Super. 411, 576 A.2d 67 (1990); *Jones v. Trojak,* 402 Pa.Super. 61, 586 A.2d 397 (1990), 527 Pa. 673, 594 A.2d 658 (1991).

The strength of this presumption is evidenced by our Supreme Court's recent decision in *John M. v. Paula T.,* 524 Pa. 306, 571 A.2d 1380 (1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 140, 112 L.Ed.2d 107 (1990). There, the Court held that a putative father, seeking custody or visitation, could not compel blood testing to rebut the presumption of a husband's paternity where, despite evidence of the mother's extramarital sexual relationship, the mother, child and husband had been living together as a family and the husband had assumed parental responsibility.

The facts of *John M., supra,* are similar to those of the instant matter. In that case, John, a party outside the marriage, filed a petition against Paula and her husband Michael (the presumptive father), alleging that he was the father and seeking partial custody and/or visitation of the child. He sought a court order compelling Michael to submit to blood testing pursuant to the Uniform Act on Blood Tests to Determine Paternity ("the Act"), 42 Pa. C.S.A. §§ 6131–37. The trial court denied the motion, this court reversed, and our Supreme Court subsequently reversed our decision and reinstated the order of the trial court. The Supreme Court noted that the Act only provides for testing of the mother, child, and John, the alleged father. The Court then reasoned that because the husband was the presumptive rather than the alleged father, the Act

was inapplicable. In addition, the Court emphasized the fact that Commonwealth's interests in the stability of the intact family outweighed the interests of the alleged father in establishing his paternity.

The Court also expressed a belief that the presumption should be irrebuttable in all cases in which the mother, child and husband lived together as a family with the husband assuming parental responsibility, including those in which an outside party claims non-access or impotency of the husband. In a concurring opinion, Chief Justice Nix stated that "a third party who stands outside the marital relationship should not be allowed, for any purpose, to challenge the husband's claim of parentage. I believe the presumption [that the child is the issue of the husband] in this situation is irrebuttable and conclusive." *Id.*, 524 Pa. at 323, 571 A.2d at 1389. All of the justices joined in Justice Nix's opinion, even Justice Larsen who was the author of the majority opinion.[1] Although Justice Nix's opinion went beyond the precise issues of the case at hand and thus may be considered *dicta*, there is little doubt the concurrence is a clear expression of the Supreme Court's view on this matter.

Under the facts of the instant case, the presumption that the child is the issue of the husband is irrebuttable, and a hearing on the issue of non-access or impotency would be superfluous. Accordingly, we affirm the trial court's order granting appellees' preliminary objections and dismissing appellant's complaint.

Affirmed.

---

1. Justice Larsen noted that the holding of the majority opinion was confined to the precise issues raised by the parties, namely the applicability of the Uniform Act of Blood Tests to Determine Paternity. *Id.*, 524 Pa. at 308 n. 1, 571 A.2d at 1381 n. 1.