661 A.2d 1386

**Jean A. PAULSHOCK, Appellee,**

v.

**Anthony N. BONOMO, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 15, 1995.

Filed June 13, 1995.

Reargument Denied Aug. 18, 1995.

Michael Beltrami, Hazleton, for appellant.

Sherry A. Scwalbach, Wilkes–Barre, for appellee.

Before WIEAND, BECK and BROSKY, JJ.

WIEAND, Judge:

This is an appeal from an order imposing a duty of support on the alleged biological father of a child born during coverture to an intact family. After careful consideration, we reverse. The evidence was insufficient to rebut the presumption that the child was a child of the marriage.

Jean and Gary Paulshock were married on September 13, 1980. They have a daughter, Courtney, who was born on January 14, 1986. In July, 1989, Jean began an extramarital affair with Anthony Bonomo, which continued for several years. On June 17, 1991, while she was still married, Jean gave birth to a daughter, Lauren Paulshock. Gary Paulshock, Jean's husband, was named as Lauren's father on the child's birth certificate. During the period of possible conception, Jean had engaged in sexual intercourse with both her husband and Anthony Bonomo. In November, 1992, Jean and Anthony

ended their relationship. During that month, Jean also informed Gary of her extramarital affair and her belief that Lauren was Anthony's child. In or about March, 1993, Jean and Gary separated.

On January 8, 1993, Jean filed a complaint seeking child support from Anthony. After a motion for judgment on the pleadings had been denied, an evidentiary hearing was held. Conflicting testimony was presented as to whether Anthony had acknowledged paternity of Lauren. There was also evidence introduced concerning the results of human leukocyte antigen (HLA) tests which the parties, by agreement, had undergone. These tests tended to establish Anthony's paternity of Lauren and exclude Gary as a possible father. By order of July 20, 1993, the trial court held that the presumption that a child born of the marriage is a child of the husband had been overcome by clear and convincing evidence, and that the doctrine of estoppel did not apply to the facts of this case. The parties subsequently waived their right to a jury trial and requested that the court make a final adjudication of paternity based on the existing record. By order of November 10, 1993, the court found that Anthony Bonomo was Lauren Paulshock's father. A support order was thereupon entered directing Anthony to pay $100 per week in child support for Lauren, as well as $25 per week toward arrearages. Anthony appealed.

"[T]he presumption that a child born to a married woman is a child of the marriage is an extremely strong one, and can only be overcome by clear and convincing evidence to the contrary." *John M. v. Paula T.*, 524 Pa. 306, 314, 571 A.2d 1380, 1384 (1990), *cert. denied*, 498 U.S. 850, 111 S.Ct. 140, 112 L.Ed.2d 107 (1990). See also: *Kohler v. Bleem*, 439 Pa.Super. 385, 654 A.2d 569 (1995); *Coco v. Vandergrift*, 416 Pa.Super. 444, 611 A.2d 299 (1992); *Donnelly v. Lindenmuth*, 409 Pa.Super. 341, 597 A.2d 1234 (1991). "The presumption can be overcome by proof that the husband was impotent or did not have sexual access to the wife when the child was conceived." *Freedman v. McCandless*, 539 Pa. 584, 591, 654 A.2d 529, 532 (1995). See also: *Michael H. v. Gerald D.*, 491

U.S. 110, 109 S.Ct. 2333, 105 L.Ed.2d 91 (1989); *Jones v. Trojak,* 535 Pa. 95, 634 A.2d 201 (1993); *Selm v. Elliott,* 411 Pa.Super. 602, 602 A.2d 358 (1992). In the absence of evidence overcoming this presumption, the results of blood tests are irrelevant. *John M. v. Paula T., supra,* 524 Pa. 306, 571 A.2d 1380. See also: *McCue v. McCue,* 413 Pa.Super. 71, 76–77, 604 A.2d 738, 740–741 (1992); *Donnelly v. Lindenmuth, supra* at 346, 597 A.2d at 1236; *Scott v. Mershon,* 394 Pa.Super. 411, 417–418, 576 A.2d 67, 70–71 (1990). The presumption that a child born during the marriage is a child of the husband "is always the starting point in a contest involving the parentage of a child born during coverture." *Everett v. Anglemeyer,* 425 Pa.Super. 587, 593, 625 A.2d 1252, 1255 (1993); *McCue v. McCue, supra* at 75, 604 A.2d at 740.

 In attempting to avoid the stringency of this presumption, both the trial court and the appellee confused the presumption with paternity by estoppel. While paternity by estoppel and the presumption of paternity relating to a child born during coverture are related, it is clear that the two are distinct concepts. See: *McCue v. McCue, supra* at 76–77, 604 A.2d at 740–741; *Scott v. Mershon, supra* at 418–420, 576 A.2d at 70–71. Estoppel is aimed at achieving fairness between the parties by holding them to their prior conduct regarding the paternity of the child. *Freedman v. McCandless, supra* at 592, 654 A.2d at 533; *Jefferson v. Perry,* 432 Pa.Super. 651, 656, 639 A.2d 830, 833 (1994); *Gulla v. Fitzpatrick,* 408 Pa.Super. 269, 279, 596 A.2d 851, 856 (1991). The doctrine of paternity by estoppel states that "under certain circumstances, a person might be estopped from challenging paternity where that person has by his or her conduct accepted a given person as father of the child." *John M. v. Paula T., supra* at 318, 571 A.2d at 1386. See also: *Christianson v. Ely,* 390 Pa.Super. 398, 568 A.2d 961 (1990); *Wachter v. Ascero* 379 Pa.Super. 618, 550 A.2d 1019 (1988); *Seger v. Seger,* 377 Pa.Super. 391, 547 A.2d 424 (1988); *Manze v. Manze,* 362 Pa.Super. 153, 523 A.2d 821 (1987).

 Whether or not there was an estoppel in this case,[1] the record is clear that appellee's evidence was insufficient to overcome the presumption of paternity arising from the birth of the child during coverture. There is not one iota of evidence that Gary, appellee's husband, was impotent or that he did not have sexual access to his wife during the period of conception. On the contrary, it is undisputed that he and appellee regularly engaged in sexual intercourse during the period of possible conception. The presumption, the Supreme Court has said, can only be overcome by clear and convincing evidence of non-access. See: *Freedman v. McCandless, supra; Jones v. Trojak, supra; Cairgle v. American Radiator and Standard Sanitary Corp.*, 366 Pa. 249, 77 A.2d 439 (1951); *Dennison v. Page*, 29 Pa. 420 (1857). This means "testimony that is so clear, direct, weighty, and convincing as to enable the trier of fact to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue." *Matter of Sylvester*, 521 Pa. 300, 304, 555 A.2d 1202, 1203–1204 (1989). Where, as here, access to his wife by her husband is conceded, the evidence is insufficient to overcome the presumption. See: *McCue v. McCue, supra.* Moreover, because the presumption of paternity has not been overcome, the results of the blood tests are irrelevant to determine paternity. See: *John M. v. Paula T., supra.*

Because the presumption that a child born during coverture is a child of the marriage has not been overcome, the trial court erred by concluding that appellant, a third party to the marriage, was the child's father. Therefore, the order which imposed on him a duty to provide support must be reversed.

Order reversed and vacated.

---

1. The trial court's estoppel analysis was flawed. It focused only on whether Gary had proven by clear and convincing evidence "that he [was] not estopped from denying paternity." Gary is not a party to the instant action. If estoppel is applicable to the facts of this case, which we do not decide, then it would be Jean in relation to whom estoppel must be considered. We also observe that the trial court's reliance on 23 Pa.C.S. § 4343(a) is misplaced. That statute deals with the paternity of a child born out of wedlock.